ADAMS & WICKS v. T. W. HOUSE ET AL.

(Case No. 4965.)

1. OUTSTANDING TITLE.— Under a plea of not guilty in trespass to try title the defendant may prove an outstanding title in a third party, superior to that of plaintiffs, to bar a recovery. Such a superior outstanding title is shown by evidence that the vendor of the plaintiff had conveyed by warranty deed

the certificate to a third party, on which the land was patented, before the issuance of patent to such vendor, which conveyance was duly recorded in the proper county. The effect of such conveyance of the certificate was to invest such third party with legal title, *eo instanti*, on the land being patented to his vendor of the certificate. In this case the land covered by the certificate was surveyed under it at the time the certificate was sold.

Appeal from San Saba. Tried below before the Hon. John C. Townes.

Trespass to try title to three surveys of land in San Saba county, instituted by T. W. House *et al.*

J. De Cordova owned three German Emigration Co. premium land certificates, Nos. 7, 8 and 9, which issued February 28, 1855, and were located upon land in Fisher and Miller's colony, then in Bexar land district, now in the county of San Saba.

J. De Cordova conveyed these certificates, and the lands located or to be located thereby, to Victor Considerant, of Dallas county, by a full warranty deed, dated January 12, 1856, and duly recorded in Bexar county same day, San Saba then being a part of Bexar county.

Afterwards, on February 5, 1857, patents issued to J. De Cordova, assignee.

On June 8, 1857, J. De Cordova made a second deed of the land so located to one J. A. Santers, which deed was recorded in San Saba county on July 15, 1857, and J. A. Santers, on May 26, 1860, conveyed the same to T. W. House, by metes and bounds, the land then being patented to J. De Cordova.

The plaintiffs were the heirs of T. W. House, and sue to recover title and possession from Adams & Wicks. The defendant pleaded not guilty.

The judgment was for the plaintiffs. The defendants in the court below read in evidence and relied upon the warranty deed to Considerant and patents, as establishing a superior outstanding title, sufficient to defeat plaintiffs' recovery.

The assignments of error are as follows:

1st. The court erred in rendering judgment in favor of plaintiffs for the land in controversy when a superior outstanding legal title was shown by the defendants.

2d. The court erred in not rendering judgment for the defendants when the evidence showed a superior outstanding title in Victor Considerant.

3d. The court erred in overruling defendant's motion for a new trial.

*Simpson & James*, for appellants, on outstanding title cited: R. S., art. 4793; Burleson *v.* Burleson, 28 Tex., 413; Shields *v.* Hunt, 45 Tex., 427; King *v.* Elson, 30 Tex., 246; Styles *v.* Gray, 10 Tex., 504; 1 Pasch. Dig., art. 4492; Harrison *v.* Boring, 44 Tex., 261, and cases cited; Doe & Potts *v.* Dowdall, 11 Am. L. R., p. 757; McCurker *v.* Every, 9 R. I., 528; White *v.* Patten, 24 Pick., 324; Hare & Wallace's note to Doe *v.* Oliver, in 4 Amer. ed. of Smith's Leading Cases, 2d vol.

*Ward & Hammond*, for appellees, on outstanding title cited: Shields *v.* Hunt, 45 Tex., 428; Johnson *v.* Timmons, 50 Tex., 537–8; Fitch *v.* Boyer, 51 Tex., 348; Hollis *v.* Dashiell, 52 Tex., 200; Lindsay *v.* Jaffray, 55 Tex., 635.

On notice they cited: Simpson *v.* Chapman, 45 Tex., 566; Burnham *v.* Chandler, 15 Tex., 443; Evans *v.* Hardeman, 15 Tex., 480; Watkins *v.* Gilkerson, 10 Tex., 340; Randon *v.* Barton, 4 Tex., 292–3; Peters *v.* Clements, 46 Tex., 122.

WEST, ASSOCIATE JUSTICE.— Under previous decisions of this court, in cases where the defense of outstanding title was set up, it must, in this case, be held that, under the facts disclosed in evidence, properly admitted, too, under the plea of not guilty, the appellants showed a valid outstanding title superior to the appellees to the *locus in quo* existing in Victor Considerant, derived from the same source as that of the appellees.     Mann *v.* Falcon, 25 Tex., 274; Walker *v.* Emerson, 20 Tex., 710; Stroud *v.* Springfield, 28 Tex., 651; King *v.* Elson, 30 Tex., 252; 1 vol. Pasch. Dig. of Laws of Tex., pp. 890, 891, art. 5307, note 1153; Burleson *v.* Burleson, 28 Tex., 413; Styles *v.* Gray, 10 Tex., 503.     The case of Hooper *v.* Hall, 35 Tex., 82, may also be looked to.     See McSween *v.* Yett, Austin term, 1883 (2 vol. Tex. Law Rev., p. 220), 60 Tex., 183; Hubert *v.* Grady, 59 Tex., 503.

The patents which issued to De Cordova in February, 1857, had the effect, by reason of the fact of his previously conveying the land described in them to Considerant to invest Considerant *eo instanti*, at the moment of their issuance, with the legal title to the *locus in quo*.     Johnson *v.* Newman, 43 Tex., 642; Walters *v.* Jewett, 28 Tex., 200; Webb *v.* Webb, 15 Tex., 274; Wilkinson *v.* Wilkinson, 20 Tex., 242; Harrison *v.* Boring, 44 Tex., 264; Holmes *v.* Johns, 56 Tex., 41.

As a matter of fact, judicially known from the history of the German Emigration Company and Fisher and Miller's colony at

the date of De Cordova's deed, the lands in suit had already been surveyed for the contractors as their premium lands, and were in fact severed from the public domain.  See Act of February 1, 1850. See, also, 1st vol. Pasch. Dig. of Laws, pp. 248–253.

The record, too, discloses the fact that these very lands in suit had been surveyed by John Harvey, the proper officer, several years before the date of De Cordova's deed to Considerant.

The premium certificates that were afterwards issued were by authority of the legislature (Act 1st February, 1856) applied to the original field notes of Harvey's surveys.

We are of opinion that the evidence showed in Considerant a superior legal title to the lands in suit to that exhibited by appellees, and that the appellants had the legal right to avail themselves of it to defeat a recovery.

As the case was tried by the court below without a jury, this court now proceeding to render the judgment that the district court should have rendered, it is ordered that the appellees take nothing by this suit, and that the same be dissmised, and appellants go hence without day, with costs, etc.

DISMISSED.

[Opinion delivered May 27, 1884.]