### JESSE T. BARROUM ET AL. V. EMMA CULMELL ET AL.

#### Decided October 29, 1896.

1. **Transfer of Land Certificate—Warranty Passes Subsequent Title.**

   A transfer of an unlocated land certificate, which authorized the grantee to locate it and enter upon, use, occupy and sell the land so acquired and bound the grantor to warrant and defend the right so conveyed, upon the subsequent location and issuance of patent to such warrantor passed the legal title to the grantee. (Pp. 94 to 96.)

2. **Same—Cases Distinguished.**

   Abernathy v. Stone, 81 Texas, 430, and Howard v. Stubblefield, 79 Texas, 1, distinguished from this case and their conclusions approved but their reasoning questioned. (Pp. 96, 97.)

APPLICATION for writ of error to Court of Civil Appeals for Fourth District, in an appeal from Bee County.

The action was trespass to try title brought by Culmells against Barroum and others, with plea of not guilty, and tried before the District Judge, who rendered judgment for defendants. On their appeal from this judgment, the Court of Civil Appeals reversed it and rendered judgment for plaintiffs. Defendants then applied for a writ of error, which was refused June 9, 1896. Several grounds of error were alleged, but in a motion for rehearing of their application for writ of error filed June 29, 1896, they showed, the facts being undisputed, that plaintiffs in the court below claimed under a transfer from Baker of his bounty warrant, made before its location, and had an equitable title to the land; and that the defend-

ants in the court below, applicants for the writ, claimed under a conveyance of the land from Baker, made after the patent had issued to him and he had a legal title to the land.

*Beasley & Flournoy,* for plaintiffs in error, Jesse T. Barroum et al., in support of their contention that the title of plaintiffs below was an equitable and not a legal one, cited and discussed: Hume v. Ware, 87 Texas, 380; Abernathy v. Stone, 81 Texas, 430; League v. Henecke, 27 S. W. Rep., 678; Howard v. Stubblefield, 79 Texas, 1; Satterwhite v. Rosser, 61 Texas, 173; Robinson v. Douthet, 64 Texas, 186; Wallace v. Wilcox, 27 Texas, 60; Secrest v. Jones, 21 Texas, 121; Peterson v. McCauley, 25 S. W. Rep., 828.

No briefs for defendants in error reached the Reporter.

DENMAN, ASSOCIATE JUSTICE.—This is a motion for rehearing of an application for writ of error, which was refused at the last term.

On the 30th day of April, 1838, Charles Baker conveyed to William W. Gant a land warrant by an instrument in writing, in substance as follows:

"Republic of Texas,
Harrisburg County.

Know all men by these presents that I, Charles Baker, for and in consideration of the sum of two hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, have this day bargained, sold, alienated and conveyed unto William W. Gant all my right, title, claim and interest that I have in and to a certain military bounty warrant for twelve hundred and eighty acres of land—number of warrant, 2976—and issued, etc.; bearing date April 21st, 1838—and I do hereby transfer and invest in the said W. W. Gant, his heirs and assigns, all the rights and privileges that are given me by the said warrant, and also authorize him or his legal representatives to locate said warrant upon any lands subject to location and when located to enter upon and use and occupy the same at will or to sell, alienate or donate the same, and I furthermore bind myself, my heirs and assigns unto the said Gant ever to warrant and defend the right hereby conveyed, against all sales, frauds or incumbrances of what nature soever.

In testimony whereof I hereto affix my hand and seal this, the 30th day of April, 1838—in the presence of the subscribing witnesses.
Witness—                                              CHARLES BAKER."
                    J. N. MORELAND,
                    L. MUER,
                    J. N. SIMMONS."

By virtue of said warrant the land in controversy was located June 4, 1839, by whom the record does not show, and was patented to Charles Baker in October, 1846.

It is conceded by counsel for the motion that the same should be over-ruled if the legal title to the land vested in Gant upon the issuance of the patent, and therefore we will only discuss that question.

In Satterwhite v. Rosser, 61 Texas, 166, the transfer was, omitting un-necessary words, as follows: "I, Preston Pevehouse, have sold, bar-gained and forever alienated to Josiah Rosser a certain land certificate granted by the Republic to me as bounty land for services rendered to the said Republic, calling for 320 acres, number 3852, for the considera-tion of $100, paid to me in hand by said Josiah Rosser, and furthermore I do bind myself, my heirs, assigns and executors in the penal sum of $500 to make a valid and warranty deed and title to the land whenever said land shall be surveyed according to law and the patent obtained for the same. (Signed) Preston Pevehouse." This transfer was executed be-fore the land was located, and the grantee, Rosser, subsequently caused the land to be located and surveyed, but the patent subsequently is-sued to the original grantee of the certificate, Preston Pevehouse. Since it was stated in Abernathy v. Stone, 81 Texas, 434, that the facts in this case "so far as stated would indicate that the land had been surveyed be-fore the transfer was made," we have thought it proper to state the facts as they appear in the original transcript, on file with the clerk of this court, in order that the opinion may be properly understood. However we think it appears from the opinion that the transfer was made before the certificate was located, for reference is made to the fact that J. B. and G. W. Hallmark "carried the chain when the land in suit was first surveyed" for Rosser. Under this state of facts this court, through As-sociate Justice West, says: "The legal title however in this case is not believed to have been as a matter of law in the intervenors. The original transfer was burned, but there is a copy of it in the record. Its terms are full and amply sufficient to convey all present and future rights of the original grantee. It is in fact a transfer with warranty of title. In this class of cases the patent when issued, if in the name of the original gran-tee, enures to the benefit of the assignee. He acquires the legal title by estoppel. This we believe is the true doctrine, unless by some means, as by a subsequent sale by the original grantee of the certificate to a stranger, who has no notice of the first sale, or some like case, some right or equity in favor of some third party may possibly grow up."

In Adams & Wickes v. House, 61 Texas, 639, it appears from the original transcript that the certificates were issued in February, 1855; that DeCordova conveyed them to Considerant January 12, 1856, by transfer, substantially as follows: "I, Jacob DeCordova, in consideration of $550 cash, to me in hand paid, have this day bargained, sold, conveyed, set over and delivered to Victor Considerant the following described premium certificates in Fisher & Miller's Colony, viz: (Here follows de-scription.) All which certificates and transfers to me are herewith de-livered and are declared part and parcel of this conveyance, together with the lands located or that may hereafter be located thereby, together with

all the rights and privileges thereto belonging or appertaining or in any-
wise incident thereto;   *   *   *   *   *   the title to which I do hereby
bind myself, my heirs and administrators to forever warrant and defend
against the claims of all persons whatsoever.   J. DeCordova;" that there-
after on the 31st day of January, 1856, said certificates were applied to
the lands in controversy by adopting field notes of surveys of the Colony,
made in 1847, and thereafter as shown by endorsements on the field notes
contained in the statement of facts the lands were patented in February,
1857, to DeCordova.   Under this state of facts the court, through Asso-
ciate Justice West, say:   "The patents which issued to DeCordova in
February, 1857, had the effect by reason of the fact of his previously con-
veying the land described in them to Considerant to invest Considerant
eo instanti at the moment of their issuance with the legal title to the locus
in quo."   We attach no importance to the fact that the lands had been
surveyed in 1847 as far as the question under discussion is concerned.

Thus it appears that in both of the cases above cited the transfers were
made before the certificates were located and that the court held that upon
the patents having subsequently issued to the original grantees the le-
gal titles passed by estoppel to the assignees of the certificates by virtue
of the warranties contained in the transfers.   In each of these instru-
ments there is an expressed intention on the part of the grantor that the
grantee was to have not only the certificates, but the land itself when lo-
cated, thus showing that the parties intended the conveyance to operate
upon the lands as soon as severed from the public domain; and this is
true of the instrument under consideration from Baker to Gant.   For a
valuable consideration it confers upon Gant the title to the certificate and
the irrevocable right when the lands are located "to enter upon, use and
occupy same at will or to sell, alienate or donate the same," and warrants
such right against all sales, frauds or incumbrances of whatsoever na-
ture.   The entire instrument evidences an intent on the part of Baker
to vest in Gant, so far as he was able, perfect title not only to the certi-
ficate, but also to the lands to be located.   We are of opinion that it is in
effect a transfer of the certificate with a warranty that Gant should be the
unqualified owner of the land itself when located as far as any right
thereto could be acquired under the certificate, and that under the author-
ity of the above cases Baker was estopped from setting up any title in him-
self under and by virtue of the patent subsequently issued to him.   To
allow him to do so would contravene the right granted by him to Gant
"to enter upon, use and occupy same at will or to sell, alienate or donate
same."

Being of opinion that we were correct in our original holding that the
legal title vested in Gant upon the issuance of the patent the motion for
rehearing will be overruled.

We do not regard the cases of Abernathy v. Stone, 81 Texas, 430, and
Howard v. Stubblefield, 79 Texas, 1, as being opposed to the conclusion
we have reached in this case.   In the former it appears that Stone did

not show that any portion of the certificate located upon the 2322 acres in Falls County, for a portion of which he was suing, belonged to him, and it would seem therefore that a general demurrer should have been sustained to his petition for partition of said land; but if he had shown that a portion of his certificate was located upon said land, still the facts show that at most he could have only had an equitable right by adopting the act of Fanthorpe in raising his certificate from the McLennan County land to trace the proceeds of his property and claim an interest in the Falls County land, which had been acquired with such proceeds. We therefore think that in either event the result of the decision was correct, though we are not prepared to agree with so much of the general discussion in the opinion as may be supposed to conflict with the views herein expressed. In the latter case it appears from the original record that the conveyance from Evans to Howard was a simple transfer, in consideration of one dollar, of one undivided third interest in the certificate, there being no warranty nor any reference made to any land that might be thereafter located by virtue thereof.

*Writ of error refused.*