## M. K. HANAFORD v. F. M. MORTON ET AL.

Decided March 3, 1900.

**1. Patent—Clerical Error in Name.**

Where a patent was issued to John Hansford, as assignee, by virtue of a transfer of the original land certificate to John Hanaford indorsed on the back thereof, and the field notes show the survey was made for Hanaford, the variance of the name in the patent was treated as a manifest clerical error.

**2. Same—Names Held Idem Sonans.**

Hanaford and Hanoford are idem sonans.

**3. Same—Patent Error in Name Does Not Convert Legal Into Equitable Title.**

Where a land certificate was duly transferred by written indorsement on the back thereof to John Hanaford, and by manifest clerical mistake the patent issued in the name of John Hansford, this did not change the owner's title to the land into an equitable one so as to subject his right to the doctrine of laches and stale demand.

**4. Trespass to Try Title—Description of Land.**

It is not a fatal variance that a copy of field notes given in evidence by plaintiff in trespass to try title, covering all the land sued for as shown by the patent thereof, also cover more than is embraced in the patent.

5. **Identity of Names—Practice on Appeal.**

Where plaintiffs proved the name of their ancestor to be identical with that of the grantee in the patent, but there was some evidence tending to show that the ancestor lived at a different place from such grantee, and the trial court did not expressly find on the matter of identity, the appellate court, reversing the judgment below, will not render judgment upon the assumption that identity of the names proves identity of the persons, but will remand the case.

Appeal from Haskell.    Tried below before Hon. P. D. Sanders.

*Oscar Martin, H. G. McConnell,* and *Booty & Mayer,* for appellant.

*Foster & Scott, D. B. Gracy,* and *Theodore Mack,* for appellees.

STEPHENS, Associate Justice.—This suit was brought by appellant against the appellee to recover a tract of land in Haskell County patented in the name of John Hansford by virtue of headright certificate isued to Herman Holt, February 6, 1838, and assigned February 7, 1838, to James S. Holman, and January 4, 1843, to John Hanaford, by transfers indorsed thereon, duly executed and expressed in such terms as to pass to the assignee the legal title to the land upon the issuance of patent. The land was located May 22, 1856, and patented January 13, 1859. Appellant claimed under the John Hanaford to whom the certificate had thus been transferred, maintaining that the patent had issued in the name of Hansford by mistake.

Upon a trial before the court without a jury this claim was held to be a stale demand and hence barred.

The first error is assigned to the sixth finding of fact, which was to the effect that the certificate had been located for John Hansford. The certified copy of the original field notes read in evidence showed a location for John Hanaford or John Hanoford, but not at all for John Hansford. We therefore sustain this assignment, and substitute for the finding complained of our own conclusion that the location was made for John Hanaford, it being evident from the entire record that if in writing this name in the field notes the surveyor used *o* instead of *a* it was but an error of spelling and a very slight and unimportant one at that, Hanaford and Hanoford being idem sonans.

We are also of opinion that the recital in the original patent that the land was granted to "John Hansford, assignee of Herman Holt * * * by virtue of headright certificate No. 180, issued by the Board of Land Commissioners of Harrisburg County on the 6th day of Feby., 1838, transferred to said James S. Holman on the 7th of Feby., 1838, and by him transferred to John Hansford on the 4th day of Jany., 1843," should be treated as a manifest error of the same kind so far as the name "Hansford" is concerned. The original indorsement on the certificate which the patent undertakes to describe was the source of the commissioners' power in issuing the patent to the assignee, and must be given controlling effect. Even in judicial proceedings the minutes will be correctly read, though incorrectly written, where the

original entry speaks for itself and shows the descriptive entry to have been an obvious mistake of the clerk.

The defense of stale demand was therefore inapplicable. Where no patent has issued there is authority for holding the right of the original locator to be a legal one and not subject to the bar of stale demand. Duren v. Railway, 24 S. W. Rep., 258; Olcott v. Ferris, Id., 848. And where patent has issued in the name of the original grantee, who had assigned the certificate, even before location, the same result follows when the assignment is such as to estop grantor, as in this case. Edwards v. Humphreys, 36 S. W. Rep., 333, 334; Barroum v. Culwell, 35 S. W. Rep., 942, and 37 S. W. Rep., 313; 90 Texas, 93.

A mere clerical error like that above shown in the issuance of the patent should not, we think, be held to change an already legal right to land into one that is purely equitable. We need not, therefore, consider the effect of the cancellation of the original patent and the issuance of a new one in the name of John Hanaford upon the ex parte application of appellant in the year 1891. Nor need we determine whether or not appellees were in position to avail themselves of the defense of stale demand on account of the character of their possession and their failure to connect themselves with John Hansford or even to show that any such person ever lived. We are, however, inclined to the opinion that they were not. Not only was stale demand no bar to this action, but also the defense of outstanding legal title, and for substantially the same reason.

The remaining ground upon which the court rested his judgment was that of variance between the pleadings and evidence as to the description of the land sued for. It seems that the field notes set out in the new patent and copied in appellant's petition contained a less quantity of land than was covered by the field notes of the original patent, but as we understand the record all the land described in the new patent was also included in the old, which excludes the possibility of a variance. The substance of the issue was proven if appellant showed that she was entitled to recover what she sued for, although in doing so she also showed that she was entitled to recover more.

Appellees, however, insist that the judgment should nevertheless be affirmed upon the ground that the evidence failed to show that the John Hanaford under whom appellant claimed as widow and purchaser from his heirs was the John Hanaford to whom the certificate was transferred in 1843 and for whom the land was located in 1856. Upon this issue the court made the following findings:

"1. I find that plaintiff M. K. Hanaford intermarried with one John Hanaford, January 20, 1859, in Jonesville, Mich.

"2. I find that said John Hanaford had prior to that time been married; that his wife was then dead and left one child, a daughter, who afterwards became M. L. Ames, wife of Geo. W. Ames.

"3. I find that said John Hanaford died intestate at Grass Isle, Mich., on February 24, leaving as his sole heirs at law said M. L. Ames

and J. S. Hanaford and L. C. B. K. Hanaford, and that his wife, M. K. Hanaford, plaintiff herein, survived him.

"4. I find that the evidence fails to show that said John Hanaford, husband of M. K. Hanaford, ever lived in Fairfield County, Connecticut.

"5. I find that the evidence fails to show any acts of ownership by said John Hanaford during his lifetime in the way of rendering or paying taxes on the 1476 acre survey in name of Hermon Holt, in Haskell County, Texas, but that the evidence showed that other parties were rendering and paying taxes on said land up to the time of the death of said John Hanaford, and that plaintiff M. K. Hanaford never rendered or paid taxes on said land until the year 1893."

There was very little evidence outside of the similarity or identity of name that the Connecticut Hanaford, for whom the land was located, was also the Michigan Hanaford, under whom appellant claimed, and the fourth conclusion of law indicates that the court was in doubt as to whether such identity of person had been shown. But as similarity or identity of name has been held, in the absence of other circumstances, to make out a prima facie case of identity of person, and as the court did not determine this important issue of fact, but rested his decision upon other grounds, we would not be warranted in finding against such identity in order to sustain the judgment. Chamblee v. Tarbox, 27 Texas, 140; Robertson v. DuBose, 76 Texas, 6; Leland v. Eckert, 81 Texas, 226.

Nor would we be warranted in determining this issue in favor of appellant, in order to render judgment for her, although we should be of opinion that the preponderance of evidence was in her favor upon it, there being circumstances in evidence tending to cast doubt upon the identity of the Michigan with the Connecticut Hanaford, and the jurisdiction of this court being appellate only. Railroad v. Strychoriki, 37 S. W. Rep., 415; Patrick v. Smith, 38 S. W. Rep., 17; Stevens v. Masterson, 39 S. W. Rep., 292; McNeil v. O'Connor, 79 Texas, 227.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

The contention that there was a variance between the land described in the petition and that covered by the original patent is again renewed and emphasized in this motion, but a re-examination of the record discloses that in addition to what was stated in our original opinion, the land as described in the petition and as described in the original patent was further identified both by survey number, certificate number, and the name of the original grantee. We think there can not possibly be any merit in this contention.

As to the criticism that the new patent was not allowed to remain in evidence, nothing further need be said than that no importance whatever was attached to that instrument in our disposition of the case.

The motion is overruled.

*Overruled.*