### HORTON MFG. CO. v. HARDY LIGHT CO. et al. (No. 2023.)

Court of Civil Appeals of Texas. El Paso. March 31, 1927.

Rehearing Denied April 28, 1927.

1. **Pleading ⚖=21—Petition alleging sale to one defendant, and codefendant's subsequent assumption of debt, negatived joint liability, notwithstanding allegation of sale to both.**

Petition alleging that goods were originally sold and delivered to individual defendant, and that debt was thereafter assumed by corporate defendant for valuable consideration, negatived their joint liability as for sale and delivery to them jointly, as alleged in first paragraph.

2. **Action ⚖=50(5)—Petition held to show no misjoinder of parties or causes of action against individual and corporate successor for balance of account for goods sold.**

Petition alleging sale and delivery of goods to individual defendant, and subsequent assumption of debt by corporate defendant, held to show on its face no misjoinder of parties or causes of action for balance due on account after allowing credit for note executed by corporation in part payment.

3. **Corporations ⚖=448(2)—Letters written by individual under trade-name held not to show assumption of his debt by corporation of same name.**

Letters written by individual under trade-name used by him held insufficient to show assumption of his debt by corporation of same name which took over his property and business.

4. **Action ⚖=50(9)—Corporation's obligations on note and for goods purchased held improperly joined with joint obligation of corporation and individual for balance due on account.**

Corporate defendant's obligations on note, executed in part payment of individual codefendant's indebtedness for goods purchased, and for price of goods sold to corporation after taking over individual's business, held improperly joined in petition with joint obligation of both defendants for balance due on open account.

5. **Courts ⚖=121(4)—Petition showing less than jurisdictional amount due from corporation showed no jurisdiction, though joining demand on joint obligation of corporation and individual.**

Petition, showing balance of $419.15 due on defendant corporation's note, and $12.93 for goods sold to corporation, held to show on its face that district court had no jurisdiction, though plaintiff joined demand for more than jurisdictional amount due on account, constituting joint obligation of corporation and individual defendant.

6. **Courts ⚖=121(4)—Jurisdiction cannot be conferred by improper joinder of causes of action, and demand improperly joined on face of petition should be dismissed.**

Jurisdiction cannot be rightfully conferred by improper joinder of causes of action, and, when such joinder and want of jurisdiction is apparent on face of petition, demand improperly joined should be dismissed by district court of its own action.

7. **Corporations ⚖=519(1)—Seller cannot recover from corporation balance due for goods sold to individual predecessor, in absence of evidence that it assumed debt.**

In absence of evidence that defendant corporation, which took over individual defendant's property and business, assumed latter's debt for goods purchased before incorporation, plaintiff cannot recover balance due from corporation.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Limitation of actions** &#9901;146(3)—**Buyer's letters requesting transfer of debt to successor's account held sufficient acknowledgment to remove bar of statute (Rev. St. 1911, art. 5705).**

Buyer's letters, stating that he was indebted to seller for several hundred dollars, which he desired to transfer to account of his corporate successor, and calling attention to requests for transfer invoices for all merchandise owing, together with his testimony that letters referred to account sued on, *held* a sufficient acknowledgment of justness of claim to remove bar of two-year statute of limitations (Rev. St. 1911, art. 5705).

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by the Horton Manufacturing Company against the Hardy Light Company and another. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Carter, Bailey & Berwald, of Dallas, for appellant.

J. E. Gilbert, and Gilbert & Hardy, all of Dallas, for appellees.

HIGGINS, J. This suit was brought by appellant, Horton Manufacturing Company, against the Hardy Light Company, a corporatoin, and J. V. Hardy, trading as Hardy Light Company. The material allegations of the amended petition, stated briefly, are as follows: During the months of June, July, August, September, and October, 1921, and April, 1922, plaintiff sold and delivered to defendants certain goods, wares, and merchandise specified in account, for which defendants promised and agreed to pay the sum charged therefor, aggregating $2,305.42. In part payment therefor the Hardy Light Company, Incorporated, on January 6, 1922, executed and delivered its note in favor of plaintiff for $619.50, payable April 6, 1922, bearing interest at rate of 8 per cent. per annum from maturity, and containing 10 per cent. attorney's fee clause. On October 19, 1921, the defendant, Hardy Light Company, was incorporated to buy and sell goods, wares, and merchandise at wholesale and retail, which was the same character of business theretofore conducted by J. V. Hardy in the name of Hardy Light Company. At that time the defendant Hardy Light Company took over the property, or some of the property, then owned by J. V. Hardy, and succeeded to, and acquired, the business, property, contracts, and other things of value of the said J. V. Hardy in connection with the business which he had been conducting in the name of the Hardy Light Company. On October 25, 1921, November 16, 1921, and November 22, 1921, Hardy agreed and promised in writing to pay plaintiff all sums due on account of his purchases individually and under his trade-name. On the same dates said corporation in writing assumed, agreed, and promised to pay plaintiff said obligations of J. V. Hardy. After allowing credit for said note, there was a balance due upon the account in the sum of $1,107.41, and the balance due upon the note is $419.15, with interest and attorney's fees, for all of which the plaintiff sued. (The account sued upon, which by reference is made a part of the petition, shows the correct balance due to be $1,093.92.)

In due order of pleading, the Hardy Light Company set up that the matter in controversy against it was $419.15, with interest and attorney's fees, of which the county court at law alone had jurisdiction, and the plaintiff, for the purpose of conferring jurisdiction upon the district court, had fraudulently joined this demand with the open account against J. V. Hardy, for which account it was not, and never had been liable.

It also filed special exceptions of misjoinder of parties and causes of action in that the suit against it upon the note was improperly joined with the suit against Hardy upon the open account. To the merits it answered by general denial and special plea that it had never become surety for Hardy, and, if it had attempted to do so, it was ultra vires.

Hardy answered by like special exceptions as to misjoinder of parties and causes of action; general denial; and two-years statute of limitations in bar of the account sued upon.

The case was tried without a jury, the court reserving its ruling upon the plea in abatement and the exceptions until the conclusion of the trial, when it rendered judgment sustaining the plea in abatement of the Hardy Light Company, Incorporated, and dismissed the suit against it. The special exceptions of both defendants setting up misjoinder of parties and causes of action were also sustained. Upon the merits J. V. Hardy's plea of limitations was sustained, and judgment rendered that plaintiff take nothing against him.

Upon the trial the following facts were agreed to, viz.:

The account sued on was correct in so far as it represented sales and deliveries of goods, wares, and merchandise sold and delivered by plaintiff to J. V. Hardy, trading under the name of Hardy Light Company. Certain of the goods were redelivered to plaintiff by Hardy, and the corporate defendant bought them to the amount of $619.50, and in payment therefor executed the note sued on. After its incorporation, said defendant carried on and continued the same kind of business theretofore conducted by J. V. Hardy. The following correspondence was introduced in evidence:

"Dallas, Tex. Oct. 25, 1921.

"Horton Mfg. Company, Ft. Wayne, Ind.— Gentlemen: I desire to adjust all my personal

affairs, paying any and all existing liabilities, and to retire from business individually under the firm name of Hardy Light Company.

"I am in debt to you several hundred dollars, which I desire to transfer to the account of the Hardy Light Company, Inc., which has prepared and filed its charter and received same.

"I hope that this will meet with your approval, and that the dealings with the new concern will be as pleasant as they have been with me as an individual, and that you will comply with this request. The officers elected are: J. V. Hardy, President; W. T. Hardy, vice president; W. A. Boatman, secretary; W. F. Carter, treasurer.

"The capital stock paid in cash is $10,000. Yours truly, Hardy Light Company, by J. V. Hardy."

"November 16, 1921.

"Horton Mfg. Co., Ft. Wayne, Ind.—Gentlemen: The writer was unable to materialize on the sale of his ranch, which was faithfully promised yesterday. We have promise from the real estate people in El Paso, who are handling the deal, that they hope to get it through next week, but, if money continues to get tighter in this country, we do not see how they are going to do it.

"This is to also call your attention to the fact we have several times asked for a transfer invoice from the Hardy Light Company as a trade-name to Hardy Light Company, Inc., for all merchandise owing and billed.

"If we recall correctly, the writer pledged to you the same obligation as now exists personally on merchandise which has been shipped.

"If you do not feel disposed to do this, you will kindly send us some blank invoices and some blank credit memos, and we will make the necessary transfer here for you, which is absolutely imperative on account of our "sales in bulk" laws in Texas.

"Trusting you will give this your immediate attention, we are yours truly, Hardy Light Company, by J. V. Hardy."

"Ft. Wayne, Ind. Nov. 17, 1921.

"Hardy Light Company, Dallas, Tex.—Dear Mr. Hardy: We have yours of the 8th, enclosing trade acceptance for $105.00, which we have placed to your credit with thanks.

"We note you expect to get some money from the sale of a ranch and assure you that we will greatly appreciate at least part of it to be applied against your account.

"We note what you say in regard to the transfer, and in reply would say that we do not know exactly what you mean by this. We have always carried your account on our books in the name of the Hardy Light Company, and are doing so at the present time. If this is not proper, we wish you would kindly advise just what you wish us to do, and we will endeavor to comply with your request.

"Awaiting your further advices, we beg to remain, yours very truly, Horton Manufacturing Company, A. F. Ruhl, Ass't Treas."

Below the last quoted letter, and upon the same sheet, the following letter was written:

"Gentlemen: As have tried to explain to you the former 'Hardy Light Co.' was a trade name and was owned by the writer. On Oct. 1921, 'Hardy Light Co.' was incorporated for $10,000.00 fully paid—2/c of our Texas laws goods cannot be legally sold in bulk—I advised you I held myself personally responsible so long as any obligations remained of the firm as a trade name regardless of the corporation but that I turned back to you as a tradename firm all and everything to equal your a/c & merely wanted a cr memo for the trade name firm & regular invoices for the Inc firm as they *must be* separate on our records—Hope you will now understand & act—If you do not as I asked you few days ago please send me some blank invoices and cr memo and we will work it out for you on our typewriter—It must be done & the sooner the better it may be for all concerned. Yours truly, J. V. Hardy,

"Waco, Texas. 11/22/21."

"Nov. 22, 1921.

"Hardy Light Company, Dallas, Tex. Gentlemen: Attention Mr. J. V. Hardy. In compliance with your request of the 16th, we enclose herewith invoices covering all open items in our ledger which we believe are made out in accordance to your wishes.

"If they are not—kindly tell us just exactly what you do want, and we will endeavor to comply. Yours very truly, Horton Manufacturing Company."

Hardy testified:

"I owned and operated a business in Dallas for some time in the trade-name of Hardy Light Company, and as a part of that business I handled machinery and other equipment, including such machinery as was furnished by plaintiff, and such as is represented in the account sued on. I conducted such business in Dallas, and in that name until the incorporation of the Hardy Light Company, Inc., one of the defendants in this case, about October 19, 1921. * * * About a month after incorporation we moved to 302 N. Ervay street, the corporation's business being conducted downstairs, and my commission business was conducted upstairs. * * * I did business after the corporation was formed on commission, and carried no stock, and made no more purchases. I represented a number of different factories as manufacturer's agent, and am still so engaged. The same stationary with the Hardy Light Company's name thereon was used by the incorporated company, but I used manufacturer's letter heads with my name as agent. The Hardy Light Company, Inc., conducted the same kind of business as I was conducting in the trade-name, and handled some of the same kind of machinery and other equipment, but did not continue to buy that made by plaintiff. When Hardy Light Company, Inc., was incorporated, I became its president, and kept my office in the place of business, using my furniture, which was the same that I used in connection with the business that I conducted in the trade-name. The Hardy Light Company, Inc., occupied and was conducted in the store building of the old company at 1717 Live Oak street, but Mr. Boatman had charge of it as manager, and it was done separately from my commission business, different books were kept, and I did no business except on commission for different factories. When the business was removed to North Ervay street, the same sign of Hardy Light Company, without any addition, was placed on the window in front at 304 N. Ervay street.

The same equipment was removed to, and used in, the new location. The old name is still being used without change.

"I wrote the letters introduced in evidence which have my name on them, and received the letters addressed to the company by the plaintiff. Because of the Bulk Sales Law I returned the goods which were on hand to plaintiff, and it sold same to the corporation, for which it took the note sued on, and the Hardy Light Company, as a trade-name, was credited by Horton Manufacturing Company by the amount of the note $619.50. Some of the goods represented in the account were in the warehouse in Dallas at the time of this correspondence, and, when the corporation took them over under this arrangement, they were sold and delivered from the warehouse to Hardy Light Company, Inc., which sold these goods out at reduced prices after these arrangements were made.

"The accounts on file and sued on were the only debts I owed plaintiff at the time of the correspondence in evidence. The goods in the warehouse, and which were taken over and handled by the Hardy Light Company, Inc., were some of the same goods that are represented in the accounts. The goods were never in actual physical possession of the light company in trade-name, but remained in the warehouse until sold by the corporation; the transaction being handled by credit entries to one and charged to the other.

"The Hardy Light Company, Inc., handled these matters in this way because of the Bulk Sales Law. The Hardy Light Company, trade-name, turned back the goods to Horton Manufacturing Company, and it accepted same, and turned them over to Hardy Light Company, Inc., as shown by their invoices.

"The note was given for all of the goods on hand and none of the goods for which the note was given were ever actually delivered to Hardy Light Company, trade-name, having remained in the warehouse at Dallas from the time they arrived until sold out from the warehouse by the corporation."

[1] The allegations contained in the first paragraph of the petition set up a sale and delivery to both defendants; thus showing a joint liability of defendants for the entire amount of the account. But these allegations are qualified and limited by the subsequent allegations which show a sole liability of the corporate defendant upon the note and joint liability of both defendants for balance due upon the account after allowing credit for the note. This joint liability is shown by the allegations that the goods were originally sold and delivered to Hardy, and the debt was thereafter assumed by the corporation for a valuable consideration. The petition as a whole negatives joint liability of the defendants as for sale and delivery to them jointly.

[2-4] As to the action for the balance the petition upon its face shows no misjoinder of any character except as to the item of $12.93, later referred to. Such balance was for an amount within the jurisdiction of the district court. The petition, therefore, as to this balance, was not subject to the exceptions sustained by the court. The evidence, however, does not show any assumption in writing or otherwise by the corporate defendant of this debt. The letters quoted were not sufficient for that purpose. They were written by Hardy under the trade-name which he was then still using. For this reason no judgment can be rendered against the corporation for such balance. It is alleged some of the sales were made in April, 1922, which was after the incorporation of the Hardy Light Company. By reference to the account sued on, which is a part of the petition, we note items amounting to $12.93 were sold during that month, and for this sum the corporate defendant appears to be solely liable.

The petition shows that the note of the corporate defendant in the sum of $619.50 was accepted in part payment. The petition, as heretofore stated, shows no liability on the part of J. V. Hardy upon this note.

We thus have presented a petition wherein the plaintiff has joined the several obligations of the corporate defendant on its note and for $12.93 for goods sold and delivered to it with a joint obligation of such defendant and J. V. Hardy. This was a misjoinder. Winn v. Heidenheimer (Tex. Civ. App.) 56 S. W. 950; First State Bank v. Lawther Grain Co. (Tex. Civ. App.) 262 S. W. 166.

[5, 6] The petition shows there is a balance due upon the note of $419.15. The item of $12.93 above mentioned, added to the balance due upon the note, makes a total demand against the corporation below the jurisdiction of the district court. This is all apparent upon the face of the petition, and shows the district court had no jurisdiction over the amount for which the corporate defendant is solely liable. Jurisdiction cannot be rightfully conferred by improper joinder of causes of action as is here attempted, and, when such improper joinder and want of jurisdiction is apparent upon the face of the petition, the demand thus improperly joined should be dismissed by the court of its own action.

[7] There remains to be disposed of the balance due upon the account. The account sued upon shows such balance to be $1,093.92; deducting $12.93 leaves $1,080.99.

The account shows the items were all sold prior to the incorporation of the Hardy Light Company, and no assumption by it of the debt shown by the evidence. No liability for its payment by the corporate defendant is shown by the evidence. Therefore the plaintiff cannot recover said balance of the corporate defendant.

[8] But J. V. Hardy was liable therefor, as the original purchaser, and his letters quoted above, coupled with his testimony that they referred to the account sued upon, constituted a sufficient acknowledgment of the justness of the claim to remove the bar of the two year statute of limitations. Ar-

ticle 5705, R. S. 1911; Henry v. Roe, 83 Tex. 446, 18 S. W. 806; Acers v. Acers, 22 Tex. Civ. App. 587, 56 S. W. 196; Vogelsang v. Taylor (Tex. Civ. App.) 80 S. W. 639; Brown v. French, 3 Tex. Civ. App. 445, 22 S. W. 581; Howard v. Windom, 86 Tex. 566, 26 S. W. 485; Russ v. Cunningham (Tex. Sup.) 16 S. W. 446; McDonald v. Grey, 29 Tex. 80; Webber v. Cochrane, 4 Tex. 31; Suhre v. Benton (Tex. Civ. App.) 25 S. W. 822; Sewell v. Wilcox (Tex. Civ. App.) 290 S. W. 264; Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217; York v. Hughes (Tex. Com. App.) 286 S. W. 165; O'Neill v. Ellis (Tex. Civ. App.) 78 S. W. 1083.

It is true the letters of October 25th and November 16th, were signed Hardy Light Company by J. V. Hardy, but his testimony shows that he was then still doing business as an individual under the name of Hardy Light Company. The import of the letters is that he was writing for himself and not the corporation.

The judgment of the lower court will be reversed and here rendered as follows:

(1) The suit against the Hardy Light Company, a corporation, upon the note and as to the sum of $12.93 of the account sued upon, is dismissed for want of jurisdiction.

(2) As to the balance of the amount due upon the account the plaintiff take nothing of the corporate defendant.

(3) That plaintiff recover of and from J. V. Hardy the sum of $1,080.99, with interest from January 1, 1922, at the rate of 6 per cent. per annum.

Reversed and rendered.