## ELLIS–SMITH & CO. v. LINEBARGER et al.
### (No. 2255.)

Court of Civil Appeals of Texas. El Paso.
April 18, 1929.

Rehearing Denied May 9, 1929.

Turner, Rodgers & Winn and M. B. Solomon, all of Dallas, for appellants.

J. T. Suggs, Jr., Geo. Sergeant, Hexter, Rice & Hexter, W. H. Flippen, and Tom Fletcher, all of Dallas, for appellees.

HIGGINS, J. Tom P. Ellis and Dallas Smith, appellants, composing the partnership of Ellis-Smith & Co., sued J. A. Linebarger, L. J. Hexter, J. B. Adoue, H. W. Dudley, and the Groves-Barnes Lumber Company, a corporation, hereinafter called the Lumber Company.

The facts alleged in the petition, so far as necessary to the decision, in brief, are as follows:

Plaintiffs, as insurance agents, issued various policies of fire insurance in favor of Linebarger as owner upon different houses, to each of which policies was attached the standard mortgage clause No. 130, which provides: "Providing that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall on demand, pay the same."

In policy No. 194, Hexter and the Lumber Company were first and second mortgagees, respectively, and the premium was $43.89.

In policy No. 199, Dudley and the Lumber Company were first and second mortgagees, respectively, and the premium was $46.37.

In policies Nos. 196, 197, 198, 528, and 529, Adoue and the Lumber Company were first and second mortgagees, respectively, and the premiums amounted to $245.44.

Against Hexter and the Lumber Company, the mortgagees named in policy 194, it was alleged they agreed to be bound by the mortgage clause and orally agreed by independent undertaking of their own to pay plaintiffs the premium upon failure of Linebarger so to do.

Like allegations were made against Dudley and the Lumber Company, mortgagees under policy No. 199, and against Adoue and the Lumber Company, mortgagees under the policies in which they were named as mortgagees.

Judgment was asked against Linebarger for the total amount of the premiums due; against Hexter and the Lumber Company for $43.89, the premium on policy 194; against Dudley and the Lumber Company for $46.37; and against Adoue and the Lumber Company for the premiums on policies 196, 197, 198, 528, and 529, aggregating $245.44.

The plaintiffs dismissed as to Dudley.

The question of misjoinder was raised by the mortgagees by either special exception or plea in abatement which were by the court sustained. Judgment against Linebarger was rendered as asked.

In this case there is a joinder of three actions as follows:

Against Linebarger, Hexter, and the Lumber Company for $43.89; against Linebarger, Dudley, and the Lumber Company for $46.37; against Linebarger, Adoue, and the Lumber Company for $245.44.

The court properly sustained the pleas and exceptions raising the question of misjoinder. First State Bank v. Lawther Grain Co. (Tex. Civ. App.) 262 S. W. 166; Winn v. Heidenheimer (Tex. Civ. App.) 56 S. W. 950; Horton Mfg. Co. v. Hardy Light Co. (Tex. Civ. App.) 294 S. W. 320; Williams v. Robinson, 63 Tex. 577.

Since the misjoinder is apparent upon the face of the petition, the question could be raised by special exception. Last three cited cases and Towns on Texas Pleading (2d Ed.) 226.

Since the pleas of misjoinder were sustained, the merits of the causes of action alleged against the mortgagees are not before the court for consideration, and the propositions in the briefs relating therefore call for no discussion.

Affirmed.