ADDICKEN v. SCHRUBBE.

1. **Pleading**: JOINDER OF CAUSES OF ACTION: PARTIES. Two parties
cannot be joined as defendants in one action where a recovery is sought
against one of them upon a written contract and against both upon an
oral agreement.

*Appeal from Winneshiek District Court.*

SATURDAY, DECEMBER 16.

THE petition states that the defendants, in the firm name of
Schrubbe & Bro., executed and delivered to plaintiff a certain
agreement in writing which admitted the execution of cer-
tain indebtedness from the firm to the plaintiff. The defend-
ants answered separately. One of them denied the execution
of the agreement, and alleged the same was executed by the
other defendant after the dissolution of the partnership. The
other defendant states, in his answer, that at the time the
agreement was executed there was no such firm as Schrubbe
& Bro. and that said agreement was fraudulently obtained,
but admits that he executed the same.

It appeared by plaintiff's testimony that, at the time the
agreement was signed by one of the defendants in the firm
name, the partnership was not in existence; whereupon the
plaintiff offered the contract in evidence, to which defendants
objected and were sustained therein by the court; whereupon
the plaintiff asked and obtained leave to file the following
amendment to his petition: "That defendants, while co-
partners under the firm name of Schrubbe Bros., received of
plaintiff, May 1st, 1866, $140, and Sept. 1st, 1866, $300, for
which money defendants agreed to pay for the use of the same
ten per cent, but said agreement was not in writing  *  *
* ; 'that the claim in plaintiff's original petition is for the
same identical cause of action herein set out; and plaintiff
asks to recover in this suit only upon one of the counts, either
that in the original petition or in this."

To the amendment to the petition the defendants answered,

and the trial proceeded, and resulted in a verdict against one of the defendants for $363.28, and the other for $167.75, and judgment was accordingly rendered. The defendants appeal.

*Chas. P. Brown*, for appellants.

No appearance for appellee.

SEEVERS, CH. J.—The original petition seeks to recover of both defendants, under the written contract signed in their
1. PLEADING: joinder of causes of action: parties.
partnership name, and the amendment thereto seeks to recover against the same parties on an oral agreement of the partnership to repay certain borrowed money. These two pleadings should be regarded as one petition containing two counts. Such seems to have been the intent of the pleader.

While the first count or petition stood alone the court excluded the written agreement as evidence, but admitted it after the amendment was filed. We are at a loss to conceive in what way or manner the legal right to recover on the writing was changed by the amendment. It, as well as the original petition, sought a recovery against both defendants as a firm, and neither sought to charge either defendant separately, by reason of any agreement or thing done by him alone. No separate liability whatever is charged in either count of the petition.

The plaintiff claims to recover only on one of the counts, that is, either on the original petition or the amendment thereto. The court, in the instructions to the jury, recognized the right of the plaintiff to recover of one defendant on the written agreement or first count, and against the other defendant on the oral contract or second count in the petition. In this there was error. Both defendants are clearly liable on the second count, and it is so framed that such recovery can be had, while the first count seeks a recovery against both defendants and the facts proved only show the liability of one.

If the pleadings had been drafted in accord with the facts proved the first count would have shown a separate cause of action against one defendant, and the second count a cause of action against both defendants. This would have presented

for trial a joinder of causes of action not allowed even under the Code. In this action, at least, the plaintiff cannot have a recovery against one defendant on the written contract and against the other on the oral agreement. He must elect on which; he cannot have both.

REVERSED.