JASON McDANIEL ET AL. v. L. L. CHINSKI.

Decided May 3, 1900.

1. **Joinder of Actions and Parties—Foreclosure of Chattel Mortgage.**

    In an action upon a note and to foreclose a chattel mortgage given by its makers as security therefor, it is proper to join as defendant one who has received from such makers a part of the mortgaged property, and converted it to his own use, and where the lien is foreclosed and such latter party has disposed of the property, judgment may be had against him for its value.

2. **Assignment of Note as Collateral—Right of Action.**

    The assignee of a negotiable note, assigned as collateral security, becomes the legal owner of it, and has a right of action thereon in his own name separate and distinct from that on the principal debt.

3. **Joinder of Actions and Parties—Foreclosure of Lien.**

    Where the suit is against joint makers of a note and to foreclose a chattel mortgage given as security, it is error to join a cause of action arising on a note given by one of the defendants to another of them, and by the latter indorsed to plaintiff as further collateral security for the note sued on, where it is sought also to enforce a vendor's lien securing such collateral note, since the causes of action are separate and distinct, and do not affect all the defendants alike.

APPEAL from Grimes. Tried below before Hon. J. M. SMITHER.

*Neal, King & Boone,* for appellants.

*Haynes & Shannon* and *A. F. Brigance,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by L. L. Chinski against Jason McDaniel, Brown McDaniel, Dave McDaniel, and J. O. Stoneham to recover upon a note executed by the McDaniels for the sum of $604.75, and to foreclose a chattel mortgage upon crops and other personal property given by them to secure the note. The petition also alleged that Stoneham had received from the mortgagors and converted to his own use eight bales of the cotton covered by the mortgage. The plaintiff further alleged that he held as collateral security for the note sued on two notes executed by the defendant Jason McDaniel to the defendant Brown McDaniel, and by the latter indorsed to the plaintiff;

that these notes were given for the purchase money of a tract of 21 acres of land conveyed by Brown McDaniel and his wife, Carrie McDaniel, to Jason McDaniel, and were a vendor's lien thereon. Plaintiff prayed for judgment against the defendants Brown McDaniel, Jason McDaniel, and Dave McDaniel, for the amount of their note, and for foreclosure of the chattel mortgage; and against Stoneham for the value of the eight bales of cotton; he also prayed for judgment against Jason McDaniel and Brown McDaniel for the amount of the notes given for the land, and for the foreclosure of the vendor's lien thereon. Carrie McDaniel, joined by her husband, filed a plea of intervention in the suit, alleging that the twenty-one acres of land upon which the vendor's lien was sought to be foreclosed was the homestead of herself and husband, and that the attempted conveyance thereof to Jason McDaniel was void because it was made for the purpose of securing the plaintiff in the payment of the note sued on by obtaining the notes of Jason McDaniel and having them transferred to the plaintiff; and that the plaintiff knew that the land was the homestead of interveners, and had notice of the purpose of the conveyance and the execution of the notes, and that said notes should not be adjudged a lien on said land. The defendants excepted to the petition that it presented a misjoinder of causes of action, and asked that it be dismissed: In view of the disposition we make of the case, other defensive pleas need not be noticed.

J. O. Stoneham, as claiming an interest in a part of the property upon which the plaintiff was asserting a lien, was properly joined in the suit as a defendant. Hall v. Hall, 11 Texas, 526. Where the lien is foreclosed and the vendee has disposed of the property, personal judgment may be obtained against him for its value. Templeton v. Gresham, 61 Texas, 53.

Upon the assignment of a negotiable note as collateral security, the assignee becomes the legal owner and holder thereof, and may maintain a suit thereon in his own name against the maker and indorser. His right of action thereon is separate and distinct from that on the principal debt. If the parties are the same, there is no reason why he should not join the two causes of action in one suit. But where the parties are not identical, the causes of action can not be joined. Stewart v. Gordon, 65 Texas, 347; Addicken v. Shrubbe, 45 Iowa, 315; 1 Enc. of Pl. and Pr., 209. The fact that the land notes were transferred to the plaintiff as collateral security for the note sued on, does not authorize the joinder of the causes of action. The causes of action are separate and distinct, and do not affect all the defendants alike.

The judgment of the court below will be reversed for the refusal of the court to sustain the demurrers of the defendants Jason, Dave, and Brown McDaniel, as to misjoinder of causes of action, and the cause will be remanded with instructions to the court below to sustain said demurrers, and if the plaintiff should decline to amend, and elect one of said causes of action upon which to maintain his suit, to dismiss the

same. Clegg v. Varnell, 18 Texas, 306, 307. This disposition of the case prevents the consideration of any of the other questions presented by the record. There is no appeal as to Stoneham, and the judgment as to him will remain undisturbed.

*Reversed and remanded.*