HARTFORD FIRE INSURANCE COMPANY v. P. C. POST ET AL.

Decided March 15, 1901.

1.—Fire Insurance—Misjoinder of Actions.

Where plaintiff, whose lumber was insured with two different companies by separate policies issued at different times, but covering the same property, brought a single action against both companies to recover for its loss, there was a misjoinder of causes of action, as there was no privity between the defendants and no equities to be adjusted between them.

2.—Same—Knowledge by Insured of Clause in Policy.

Where a clause requiring a clear space of 100 feet to be maintained between the lumber insured and any dry kiln, is referred to in the body of the policy as being attached thereto and made a part thereof, the assured, in the absence of allegations of fraud or mistake, will be conclusively presumed to have had knowledge of the contents of such clause.

3.—Same—Allegations of Knowledge by Insurer.

Allegations that the insurance agent had knowledge of the fact that the lumber was piled within less than 100 feet of the dry kiln, and that he agreed to insure it as it was then situated, were insufficient to avoid the effect of the clear space clause.

4.—Same—Waiver Because of Knowledge.

Where the insurance agent issued a policy with knowledge of facts such as would render it void in its inception, if its provisions were insisted on, it will be presumed that such provisions are waived, rather than that he fraudulently delivered and received payment for an invalid policy.

5.—Same—Evidence of Clause Attached to Policy.

In an action on an insurance policy the defendant company has the right to introduce in evidence a clause or provision which is attached to the policy and mentioned in the body of it as constituting a part thereof.

6.—Practice in Trial Court—Special Issues.

It is an abuse of the statute authorizing the submission of special issues to the jury for the court to submit fifty questions to be answered, since the law does not contemplate that the jury shall find every material fact in evidence, but only upon the substantial and material issues that arise on the facts.

ON REHEARING.

7.—Fire Insurance—Parol Agreement Varying Policy.

A parol agreement of the insurance agent made prior to the execution of the policy can not be shown to vary or contradict its terms.

8.—Same—Waiver Not Presumed from Agent's Prior Knowledge, When.

The mere fact that the insurance agent had knowledge, at some time prior to the issuance of the policy, of a condition of the property violative of its terms, will not authorize the presumption that he knew such condition existed at the time the policy was issued, and waived a provision of the policy relating thereto.

9.—Same—Extent of Waiver.

Where a condition of the property violative of the policy (lumber so piled as to reach within 100 feet of a dry kiln) could readily be changed by the insured, the issuance of the policy with knowledge by the insurer of such condition, waived the requirement forbidding it only to the extent of allowing the insured a reasonable time within which to comply with the policy by removing the lumber.

Appeal from the County Court of Harrison. Tried below before Hon. H. T. Lyttleton.

*T. P. Young,* for appellants.

*F. H. Prendergast* and *A. H. Cooper,* for appellees.

PLEASANTS, ASSSOCIATE JUSTICE.—This suit was brought by P. C. Post and W. L. Sloan against the Hartford Fire Insurance Company and the Pennsylvania Fire Insurance Company to recover upon two contracts of insurance issued by said companies. The policy of the Pennsylvania company was issued on August 26, 1899, to P. C. Post, and insured said Post for one year in the sum of $1000 against loss by fire on his stock of lumber in his yard at his sawmill. The policy of the Hartford company was issued on September 14, 1899, and insured Post against loss by fire on same property in the sum of $750. Both of these policies provided that the loss, if any, should be payable to W. L. Sloan, as his interest might appear, and both contained the following stipulation: "This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount here insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property;" and also contained the usual 85 per cent coinsurance clause. The two policies are separate and distinct contracts, executed by different companies, and create no joint liability of any kind. Each company filed a separate answer, containing general and special demurrers, and special pleas setting up the violation by the plaintiff Post of certain warranties contained in the policies, which will be hereafter set out more fully. The demurrers were all overruled, and the cause submitted to a jury upon special issues, and upon the return of the verdict, judgment was rendered in favor of the plaintiffs against the Hartford Company for $227.67, and against the Pennsylvania company for $303.57, and against both companies jointly for all costs of suit, from which judgment both of the defendants prosecute this appeal.

Appellants' first assignment complains of the ruling of the trial court in not sustaining the first special exception made by both defendants to plaintiffs' petition on the ground of a misjoinder of causes of action. These exceptions should have been sustained. There is no privity between the defendants in this case, and no equities to be adjusted between them which would authorize a joinder of the separate and distinct causes of action sued on by plaintiffs. The contracts sued on were executed by different persons and at different times, and create no joint liability, and we know of no principle of law which would authorize the plaintiff to join these defendants in one suit upon both contracts. It may be that under the facts in this case no injury could result to the defendants by being sued jointly, but each has the legal right to have his case submitted to a jury entirely disconnected from any claim which the plaintiff may have against the other, and such right can not be disregarded by the courts. The exception should have been sustained, and plaintiffs required to amend their petition and elect upon which of the

causes of action they would prosecute this suit. Schumen v. Smith, 70 Texas, 171; Oglesby's Sureties v. State, 73 Texas, 660; Dunson v. Nacogdoches County, 15 Texas Civ. App., 9.

We think appellants' third assignment, which predicates error in the failure of the trial court to sustain exceptions to that portion of plaintiffs' petition which alleges a compliance with the iron safe clause in the contracts of insurance, is without merit. The allegations of the petition are sufficient to show a substantial, if not a literal, compliance by plaintiffs with the requirements of said clause. Brown v. Insurance Co., 89 Texas, 590.

One of the defenses set up by the defendants by special plea was that each of the insurance policies sued on contained a warranty by the assured that a continuous clear space of 100 feet should be maintained between the property insured and any dry kiln, and that any violation of said warranty would render the contract of insurance void, which warranty on part of the assured is alleged to have been violated. The plaintiffs sought to avoid the effect of this warranty and its violation by the following allegations in their petition: "So far as the 100 feet clear space clause is concerned, plaintiff Post had no knowledge that said clause was attached to the policy until after the loss, and same is no part of the policy, and was not attached until after the risk was accepted. The agent of the defendant went to the mill, saw, examined, and inspected the lumber, and the space between the lumber and the dry kiln, and the mill, and knew the exact and actual distance from the lumber insured and the dry kiln, and between the lumber and the mill, and accepted and agreed to the same as it was situated."

The allegation that the plaintiff Post did not know that the clear space clause was a part of the policy is clearly insufficient. The policy of insurance is attached to and made a part of the petition, and in the body of the policy, just after the description of the property insured, the clear space clause is referred to as attached to the policy and made a part thereof, and in the absence of allegations of fraud or mistake, plaintiff, having accepted the policy, will be conclusively presumed to have had knowledge of its contents. Insurance Co. v. Holcomb, 89 Texas, 404.

The allegations as to the knowledge of the agent at the time the contract of insurance was executed of the fact that the stock of lumber was piled within less than 100 feet of the dry kiln, and that he agreed to insure said lumber as it was then situated, are, we think, insufficient to avoid the effect of the clear space clause. If, however, the agent, at the time the policy was issued, had knowledge of the existence of facts which would render the contract void in its inception if its provisions were insisted on, it will be presumed that such provisions are waived, as a contrary presumption would impute to the defendant the fraudulent intent to deliver and receive pay for an invalid policy. Insurance Co. v. Ende, 65 Texas, 123; Gray v. Insurance Co., 49 N. E. Rep., 675; In-

surance Co. v. Wingfield (Ky.), 57 S. W. Rep., 149; Insurance Co. v. Wagner, 24 Texas Civ. App., 140, 57 S. W. Rep., 876.

We think the trial court erred in refusing to allow the appellant, the Hartford Insurance Company, to introduce in evidence the clear space clause attached to the policy sued on. This clause was a part of the policy of insurance sued on by plaintiffs, and their objections to its introduction in evidence were without merit and should not have been sustained. A determination of the questions raised by the remaining assignments of errer would require us to pass upon the facts in the case, which, in view of another trial, we will refrain from doing.

The record in this case discloses that the jury were required to answer in their verdict fifty questions propounded to them by the court. The statute which authorizes the submission of special issues to the jury does not contemplace that the jury shall be called upon to specially find in their verdict every material fact in evidence, and such practice should not be allowed. The jury can only be required to find upon the substantial and material issues which arise on the facts, and to require them to find categorically the facts in the case would often render their verdict confusing, and, as in this case, apparently contradictory.

For the errors before indicated, the judgment of the court below is reversed and this cause remanded for a new trial.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In our opinion rendered in this cause on the 15th day of March, 1901, in discussing the allegations in plaintiffs' petition seeking to avoid the clear space clause in the policy of insurance sued on, we say: "The allegations as to the knowledge of the agent at the time the contract of insurance was executed of the fact that the stock of lumber was piled within less than 100 feet of the dry kiln, and that he agreed to insure said lumber as it was then situated, are, we think, insufficient to avoid the effect of the clear space clause." This paragraph of the opinion is inaccurate in its statement of the allegations of the petition, and when considered only in connection with the succeeding paragraphs, renders the two paragraphs confusing and apparently contradictory. As set out in a preceding paragraph of that opinion, the allegations under discussion do not show how long it was before the issuance of the policy that appellant's agent examined and inspected the lumber insured, nor is it alleged that at the time the contract of insurance was executed the agent of appellant knew that the lumber insured was within less than 100 feet of the dry kiln. No parol agreement of appellant's agent made prior to the execution of the written contract could be shown to vary or contradict the terms of the written instrument, and the mere fact that the appellant's agent may have at some time prior to the issuance of the policy visited and examined appellees' lumber yard and ascertained that the distance between the lumber and the dry kiln was less

than 100 feet, would not authorize the presumption that he knew such condition existed at the time the policy of insurance was issued, and waived the provision in the policy requiring a clear space of 100 feet to be kept between the lumber and the dry kiln. It is difficult to apply the doctrine of estoppel or waiver arising from facts within the knowledge of the agent at the time the policy of insurance was issued to the facts in this case. The provision as to the clear space between the lumber and the dry kiln not only required such clear space to exist at the time the policy was issued, but that a clear space of 100 feet should be kept between the lumber and the kiln during the existence of the policy. The character of the insured property being such that it could be easily moved, it would seem that the acceptance by the appellee of a policy containing such clause would require that he remove any lumber which might be within less than 100 feet of the kiln at the time the policy was issued, and that the waiver of said clause which might be presumed from the issuance of the policy with knowledge of existing conditions would only be to the extent of allowing appellee a reasonable time within which to comply with the provisions of the policy. We refer to the case of Insurance Company v. Prather, 62 Southwestern Reporter, 89, for an expression of our views as the effect of an antecedent parol agreement which varies or contradicts the terms of an insurance policy.

After a careful reconsideration of the question presented in appellees motion for a rehearing, we are constrained to adhere to the views expressed in our former opinion and the motion will be overruled.

*Overruled.*