W. F. FELTON v. L. P. TALLEY.

Decided January 28, 1903.

1.—**Entire Contract—Pleading—Part Performance.**

Plaintiff alleging breach of an agreement to transfer to him certain shares of stock in an oil mill, upon his assisting in securing subscriptions, to a named amount, in its stock, and also in disposing of 100 acres of land for defendant, can not recover on proof of a contract to make such transfer for his assistance only in selling the land, and his performance thereof. The contract alleged was an entire one and must be proved as plead, and recovery on quantum meruit could only be had under appropriate pleadings.

2.—**Admissions in Pleading.**

Admissions made in pleadings may be introduced in evidence, though the party has abandoned them by amendment.

3.—**Impeachment of Witness—Reputation for Truth.**

One who resided in the county, but not in the town, of a witness whose character for truth had been attacked, who had visited the town once or twice a year for ten or twelve years, generally meeting there the witness in question, but had never discussed his reputation with any one, should have been permitted to testify that he had never heard it questioned and considered it good.

4.—**Requested Instruction.**

An instruction is properly refused when substantially covered by the general charge.

Appeal from the County Court of Williamson. Tried below before Cooper Sansom, Esq., Special Judge.

*A. M. Monteith, Stanton Allen,* and *Chessher & Wilcox,* for appellant.

*W. W. Nelms* and *Mantor & Briggs,* for appellee.

FISHER, CHIEF JUSTICE.—The plaintiff, in his petition, declares upon a contract made between him and defendant, wherein it was in effect agreed that defendant would transfer to the plaintiff shares in a certain cotton oil mill to the value of $500, if the plaintiff would assist the defendant in promoting the erection of a cotton oil mill in the town of Bartlett, and assist defendant in soliciting and securing from the general public a subscription to stock in such mill to the aggregate amount of $8500; and to assist defendant in selling and disposing of 100 acres of land to one C. W. Hill.

The court in its charge instructed the jury that the defendant would be liable if the plaintiff complied with the contract in effect as herein stated. The jury returned a verdict in plaintiff's favor for the sum of $500.

There is no evidence in the record that the appellant promised to pay the appellee any sum of money or transfer him any stock, except for the services that might be rendered by appellee in assisting the appellant to sell the 100-acre tract of land to Hill. There was no proof offered on the other branch of the contract, as pleaded by appellee. The contract declared upon is, in effect, entiré, and in the absence of an

averment seeking to recover upon a quantum meruit, the plaintiff must prove performance of the entire contract. Under the rule announced in this State, which is indicated in 26 Texas, 149, 25 Texas Supp., 460, 21 Texas, 259, although the contract might be entire, if the plaintiff had proved a part performance of which the defendant received the benefit, he could recover to the extent of the value of the part performed. But the plaintiff, the appellee here, has no pleading that permits this to be done. Therefore, on account of the absence of evidence tending to prove a performance by the plaintiff of the entire contract, the court erred in submitting the case to the jury. The contract as pleaded must in its essential features be established by evidence, otherwise it is error for the court to charge upon that subject.

For the error pointed out, the judgment will have to be reversed and the cause remanded.

The ruling complained of in the eleventh assignment of error will doubtless not arise upon another trial, as the averments in the abandoned petition will evidently be admitted. Lately it has been so frequently held that the averments of abandoned pleadings can be admitted in evidence, that the question is no longer an open one in this State.

We are of opinion that the evidence of the witness Robertson, as stated in connection with appellant's thirteenth assignment of error, was admissible.

The charge requested, as set out in the twentieth assignment of error, was, in effect, given in the main charge of the court.

Our ruling on the question of the entirety of the contract, in view of the pleadings and evidence, in effect disposes of the eighteenth, nineteenth, twenty-fifth and twenty-seventh assignments of error.

In our opinion, the remaining assignments of error are without merit.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*