ORANGE RICE MILL COMPANY v. JOHN McILHENNY.

Decided November 25, 1903.

1.—Contract of Hire—Breach—Recovery.·

Where plaintiff was hired for a year at $100 per month and was discharged without good cause before the end of the year, he was entitled to recover for the unexpired part of the contract term at the stipulated rate, less such amount of money as he received for other employment during that time.

2.—Evidence—Admissions—Abandoned Pleading.

An abandoned pleading is admissible in evidence as an admission against interest, and like any other admission is open to explanation on contradiction.

Appeal from the District Court of Orange. Tried below before Hon. W. P. Nicks.

*Holland & Holland,* for appellant.

*W. J. Wingate, J. T. Adams,* and *W. O. Huggins,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by John Mc-Ilhenny against the Orange Rice Mill Company upon a contract for employment for twelve months beginning August 1, 1901, at a salary of $1200 to be paid in equal monthly installments. Plaintiff alleged that he entered upon and performed his duties until November 11, 1901, when he was discharged by the defendant without just cause. The defendant pleaded the general denial and denied under oath that the plaintiff was employed by its authority, and also pleaded that the plaintiff was discharged for just cause. There was a trial by the court without a jury and judgment was rendered in favor of the plaintiff for the sum of $579.35.

The defendant employed the plaintiff as alleged in the petition for one year commencing August 1, 1901, at a salary of $1200, and afterwards on November 9, 1901, discharged him. The conclusion of the trial court that the defendant discharged the plaintiff on account of a personal difficulty between him and other employes, and that the conduct of the plaintiff was not injurious to the defendant's business, and that he was discharged without sufficient cause, is supported by the evidence and is approved. Allowance was made for money received by the plaintiff for other employment, and judgment was correctly rendered for the amount above stated.

An abandoned pleading is admissible in evidence as admissions against interest, but they are open to explanation or contradiction like other admissions. Railway v. De Walt, 6 Texas Ct. Rep., 1006. The pleading objected to when offered in evidence on the trial below although not bearing the file mark must be considered as a pleading in the case. It was furnished to plaintiff's counsel and put among the papers of the

case, and was referred to in the amended pleadings upon which the case went to trial as the pleading that was amended. But even if it had been improperly admitted there was sufficient evidence without it to show that the defendant had employed the plaintiff at the salary stated and that it had discharged him; and the case having been tried by the court without a jury, the admission of the evidence although incompetent would not be a ground for the reversal of the judgment. There was no error in the admission in evidence of the letter from the defendant's manager to the plaintiff accepting the terms of his offer to work for the company. The proposition that was accepted appears clearly from the face of the letter. Webster assumed to act for the defendant as its manager and the evidence shows that he acted in that capacity after the defendant commenced operations. The plaintiff's employment was ratified and there is in fact no dispute about the terms thereof.

As already stated there is evidence to support the finding that the plaintiff was discharged on account of the difficulty with Jordan and not for conduct injurious to defendant's business. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.