STOWERS v. H. L. STEVENS & CO. et al.*
(No. 6128.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1919. Rehearing Denied Feb. 5, 1919.)

1. EVIDENCE ⊜⇒208(6)—ADMISSIONS—ABANDONED PLEADINGS.

An abandoned supplemental petition, filed by plaintiff, is admissible in evidence against him, notwithstanding it contained legal conclusions, for the averments in the petition were admissions of the plaintiff.

2. CONTRACTS ⊜⇒352(2) — BUILDING CONTRACTS—ISSUES.

In an action for contractor's breach of agreement, the submission of the issue as to whether plans of the building were drawn by the contractor, or by its agent under the direction of the agent of a lessee, who was a party to the contract, held proper under the evidence.

3. APPEAL AND ERROR ⊜⇒742(1)—ASSIGNMENT OF ERROR—SUFFICIENCY.

A reference in an assignment of error to a page of the record for a bill of exceptions, without giving it in full or at least the substance, is not the statement contemplated by rule 31 (142 S. W. xiii), and such assignment is defective.

4. CONTRACTS ⊜⇒303(5) — BUILDING CONTRACTS—DEFAULT OF OTHER PARTY.

Where a tripartite agreement, between the owner, a contractor, and the prospective lessee of the building to be erected, provided that the building should be erected at a cost not to ex-

ceed $125,000, and that it should be built according to designs of the lessee's agent, *held*, that the contractor was not bound to erect the building, where the plans prepared by the lessee's agent could not be carried out, save at an expenditure greater than $125,000; every part of the agreement being binding on each of the parties.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by G. A. Stowers against H. L. Stevens & Co. and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Terrell & Terrell and Denman, Franklin & McGowan, all of San Antonio, for appellant.

Edwin H. Cassells, of Chicago, Ill., Ball & Seeligson, of San Antonio, and Hunt & Teagle, of Houston, for appellees.

FLY, C. J. This suit was instituted by appellant against H. L. Stevens & Co. and the United States Fidelity & Guaranty Company, to recover the sum of $62,003.34 from the former and $60,000 from the latter, alleged to have accrued by a breach of a contract by the former to construct a certain building in the city of San Antonio, on which contract the United States Fidelity & Guaranty Company was a surety in the sum of $60,000. It was alleged that on May 2, 1912, appellant entered into a contract with Stevens & Co., whereby that firm agreed to design, erect, and build, for appellant, a certain building on Main avenue, near the corner of West Houston street, in the city of San Antonio, according to plans and specifications prepared by said Stevens & Co.; that by the terms of said contract the entire building should not exceed in cost the sum of $180,000; and that at the time of the execution of said contract a bond was executed by H. L. Stevens & Co., as principal, and the United States Fidelity & Guaranty Company, as surety, for the faithful performance of the terms of said contract, in the sum of $60,000. A breach of the contract and a failure to complete the building was alleged, and that such breach compelled appellant to complete the building at an additional cost to him, over and above the $180,000, of $62,003.34, for which he prayed judgment.

The contractors answered, admitting the execution of a certain building contract, but pleaded that in addition, upon what is denominated the "Minutes of an Agreement," of date May 2, 1912, upon which the suit of appellant was based, there were certain writings on the plans, and a certain lease agreement between appellant and Karl Hoblitzelle, representative of the Interstate Amusement Company, which was referred to and made a part of the plans. It was pleaded that the three agreements mentioned were a part of the same transaction, and entered into and became the contract of agreement made by appellant and H. L. Stevens & Co., for the latter to erect a certain furniture and theater building, the furniture building being first erected and then the theater, which in style and architecture should conform to the furniture building, and that by the terms of the contract, taken as a whole, the theater building was not only to conform to the previously erected furniture building, but the plans and specifications of said theater building were to be designed by said Karl Hoblitzelle, and it was to be built subject to his approval, the latter building not to cost in excess of $125,000, the cost of both buildings not to exceed $180,000. It was also answered by H. L. Stevens & Co. that the plans furnished by Hoblitzelle called for the erection of a theater building that would cost much more than $125,000, and appellant refused to furnish the excess, but demanded that the contractors should furnish the same. The cause was submitted on special issues, and on the answers returned thereto judgment was rendered in favor of appellees.

The basis of the suit, which was introduced in evidence, was the following instrument:

"Minutes of Agreement.

"Made this 2d day of May, 1912, between H. L. Stevens & Co., architectural engineers, of Chicago, Ill., and Houston, Tex., and G. A. Stowers, owner, of San Antonio, Tex.

"It is mutually agreed that H. L. Stevens & Co. will design and construct for the owner a certain building in accordance with plans and specifications submitted to the owner by H. L. Stevens & Co.

"It is agreed that for the design and construction of such building the owner will pay cost plus 10 per cent., and that on the 1st day of the month H. L. Stevens & Co. will render the owner a statement covering the cash expenditures and bills incurred on account of this work during the previous month, and the owner will promptly pay H. L. Stevens & Co. the amount of such statement plus 10 per cent.

"It is agreed that H. L. Stevens & Co. will furnish the necessary mixers, boilers, and engines, which shall not be charged as part of the cost of the work. However, the installation and maintenance of such machinery, the transportation of machinery and men, the cost of such other tools as may be required, and the office, drafting, and incidental expense of this work shall be considered as part of the cost of the work.

"In consideration of the payments as herein mentioned, H. L. Stevens & Co. guarantee that the cost of said building, including their percentage, shall not exceed the sum of $180,000, and if it does exceed such sum they will assume and pay such excess cost.

"H. L. Stevens & Co. will, if required, furnish a surety bond in the form attached as a guaranty that they will comply with the terms of this agreement. The premium on such bond to be considered as part of the cost of the building. Workmanship and materials to be subject to approval of said Stowers or his agent.

                "H. L. Stevens & Co.,
                "By H. L. Stevens.
                "G. A. Stowers, Owner."

In addition there was introduced in evidence a certain lease contract, entered into by and between Hoblitzelle, for the Amusement Company, and appellant, in which was the following provision:

"The material and workmanship and finish of said theater portion of said building shall be first-class in every respect, but the cost of the theater portion of said building shall not exceed $125,000, and this amount shall include the installing of opera chairs, $1,000 to be paid to Seuter & Shands as auditors and supervising architects, $4,000 which is hereby agreed upon as interest on the money being invested in said premises during the construction of the building, and 10 per cent. of the actual cost of construction, which will be paid to the said H. L. Stevens & Co., or other contractors, as their salaries upon the construction of said building."

Again, in another part, of the lease contract it is provided that the cost of the theater should not exceed $125,000. The lease contract was reduced to writing and signed very shortly after the "Minutes of Agreement," herein referred to, was signed. Before the signing of the building contract, Stevens, Stowers, and Hoblitzelle had a conference at which the following was indorsed on the plans of the building:

"Theater construction included in the guaranteed cost to be that included in the lease between owner and lessee. Theater interior, both structural and ornamental, to·be designed and built under the directions and subject to the approval of lessee, provided such guaranteed cost is not exceeded, Hoblitzelle to represent the lessee."

All of the agreements were made on the same day. The only plans in existence at the time of the execution of the agreements were the sketches from which afterwards were prepared certain blueprints, and on the original pencil sketches was written what are called the "Notes," parts of which were dictated by Stevens, Stowers, and Hoblitzelle, respectively; that as to the cost being same as named in the lease contract being written in by Stevens with the concurrence of the other parties. It was admitted by appellant in his pleadings that all agreements between him and H. L. Stevens & Co. were merged into and became a part of the "Minutes of Agreement," dated May 2, 1912, the blueprints of the plans, with the indorsements thereon, the lease contract, the contract between appellant and the contractors, dated May 3, 1912, and the bond of the United States Fidelity & Guaranty Company of same date.· The contractors failed and refused to finish the theater building, because Hoblitzelle desired to have plans carried into execution which would have entailed a large additional cost to the $125,000 provided for in the contract.

[1] The first assignment of error complains of the admission in evidence of an abandoned supplemental petition. The grounds of objection are that the pleading stated "legal conclusions and opinions of the pleader, and not facts, and because it was an abandoned pleading and had no probative force or effect." The assignment cannot be maintained. It has been definitely settled by the courts of Texas that abandoned pleadings may be received in evidence against the party responsible for them, and the fact that the pleadings may have contained legal conclusions would not change the rule. The pleadings, however, involved the intention of the parties to the contract, and showed the construction placed by appellant upon the different papers executed by the parties. Barrett·v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; Railway v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877. The admissions were not only made in the pleadings, but were made, without objection, by appellant on the stand, and the same facts were testified to by Stevens and Hoblitzelle.

[2] The second assignment of error complains of the submission of the issue as to whether certain plans of the theater building were drawn by the contracting company, or by its agent, under the direction of Hoblitzelle. The proposition under the assignment is too general and indefinite for consideration, and the statement fails to relieve it of its generality. It may be stated, however, that appellees did not admit in their answer, as claimed by appellant, that Hoblitzelle was to pay any excess over and above the $125,000 provided for in the contract. The contract indicated that Hoblitzelle was to design the interior of the theater and direct the construction of it. The testimony of Stevenson, the man who finished the theater, showed that the plans were developed in accordance with directions received from the Chicago office, and also directions received from Mr. Hoblitzelle, either from the Chicago office or personally. He also stated:

"These plans largely germinated in the brain of Hoblitzelle. I know they were worked out absolutely in response to repeated requests from him."

Appellant claimed that the plans were made entirely by the contractors, and it was a material issue as to whether they were so prepared, or under the direction of Hoblitzelle. The latter claimed that he designed the plans, and the theater was to be built under his direction.

[3] The third assignment of error is indefinite and uncertain, and is not cleared up and made specific by the proposition and attempted statement. The latter is totally inadequate and contrary to rules enforced in a number of decisions. A reference to a page of the record for a bill of exceptions, without giving it in full, or at least in substance, is not the statement contemplated by

rule 31 of this court (142 S. W. xiii). Broussard v. Rice Co., 120 S. W. 587.

The fourth and fifth assignments of error are like unto the third, and subject to the same objections, and cannot be considered.

[4] In the sixth assignment of error appellant seeks to separate himself from his lessee, the Interstate Amusement Company, as represented by its agent, Hoblitzelle; but this cannot be done. He brought the lessee into the case, he agreed to its agent giving the design for the theater and superintending its erection, and he cannot evade his responsibility and force the contractors to take up the burdens arising from the injection of the lessee into the contract. Neither could the agent of the lessee, who had been authorized and empowered to frame the designs for the theater, cause the contractors to incur liability by a failure to make designs for the building. He, however, did give plans for the building which made it impossible for the contractors to execute the contract, and the breach of the contract came through Hoblitzelle, seconded by appellant. This would be true under either alternative.

The sixth assignment is overruled, as well as the seventh and eighth, which in substance involve the same matters. Hoblitzelle failed and refused to approve plans within the terms of the contract, and thereby rendered it impossible for appellees to finish the building. The breach of the contract was brought about by the refusal of Hoblitzelle to furnish such plans, although he persisted in directing matters contrary to the plans formulated by the contractors, and absolutely refused to approve any and all plans submitted by H. L. Stevens & Co. The building was at last completed by Stevenson, who took up the work after Stevens & Co. left it, under plans approved by Hoblitzelle, which he had rejected in 1912, which were aided by plans presented by Mitchell & Halbach. Those plans necessitated an expenditure much in excess of the $125,000 for which provision was made in the contract.

The seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth assignments of error present nothing, except that the court should not have presented certain issues, because not raised by the evidence, and that the answers of the jury thereto are not supported by the evidence. As hereinbefore indicated, we have concluded that the issues were material and the answers sustained by the evidence, and the assignments will be overruled. The testimony of H. L. Stevens, which was credited by the jury, is as follows:

"I suggested a number of ways by which the theater might be finished for $125,000. It is a fact that I could have finished a theater first-class in every respect for $125,000, and it would have been a more attractive theater than the Empire Theater in San Antonio. I could not have built a building for $125,000 following the plans that Mitchell & Halbach and Hoblitzelle were insisting on. There was never a time when I was not willing to go ahead and construct a building within the $125,000. Hoblitzelle never would agree to anything but what was demanded in this perspective; he wouldn't consider anything else. At the time Mr. Stowers finally took charge personally, with reference to completing the work, I was endeavoring with both Mr. Stowers and Hoblitzelle to get some arrangement by which we could go on. I had to have information from Hoblitzelle that would allow us to go ahead. I did not get information from Hoblitzelle that would allow us to go ahead."

A tripartite agreement was made by the parties, and each and every part of that agreement was equally binding upon each of the parties. H. L. Stevens must erect the theater at a cost to appellant of $125,000; that house must be designed and the building of it superintended by Hoblitzelle. The last-named, of course, could not design a building that would cost more than $125,000, for that was the limit to be paid for the house, and Hoblitzelle was in duty bound to design a theater that could be built for those figures. If he could have required the contractors to build a house for any amount above the specified sum, he could have bankrupted them by making such extravagant designs as were never contemplated in the agreement. Appellant was under no obligation to pay more than the limit named in the contract, appellees were not bound to erect a building that would cost more than that price, and Hoblitzelle was bound to submit designs that would not require the expenditure of more than that sum.

The other assignments of error are overruled. There are no questions of importance in this case, except those of fact, and consequently the authorities cited are not pertinent or applicable. The questions of fact were fully presented by the court to the jury, and every issue was resolved in favor of appellees upon sufficient evidence.

Upon a cross-action for an amount of money due them, H. L. Stevens & Co. recovered of appellant the sum of $8,197.87, and the United States Fidelity & Guaranty Company recovered of H. L. Stevens the sum of $2,500 as attorney's fees, and no reasons have been presented why those findings should be disturbed.

The judgment is affirmed.