## FIRST STATE BANK OF SANTA ANNA v. LAWTHER GRAIN CO.   (No. 9102.)

(Court of Civil Appeals of Texas.  Dallas. April 19, 1924.  Rehearing Denied May 31, 1924.)

**1. Action ⊂⊃50(9)—Overruling plea of misjoinder held error.**

Where plaintiff's causes of action against codefendant W. were entirely disconnected from alleged joint cause of action against W. and codefendant bank, the court erred in overruling bank's plea of misjoinder.

**2. Evidence ⊂⊃208(6)—Refusal to permit introduction of original petition as evidence held error.**

In action against W. and a bank based on alleged joint contract of both defendants, bank's liability being predicated on acts of its cashier, refusal to permit, in behalf of defendant bank, introduction of plaintiff's original petition in which the same cause of action was asserted against W. and the cashier as an individual, the amended petition having dismissed the cashier and substituted the bank as defendant, *held* error.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by the Lawther Grain Company against the First State Bank of Santa Anna and another.  Judgment for plaintiff, and named defendant appeals.  Reversed and remanded.

Critz & Woodward, of Coleman, for appellant.

Lawther, Pope & Leachman, of Dallas, for appellee.

LOONEY, J.  Appellee Lawther Grain Company, a partnership, brought this suit against J. L. Winniford and the appellant First State Bank of Santa Anna, Tex., a banking corporation organized under the statutes of Texas.  The case was tried before the court without the intervention of a jury and resulted in a judgment in favor of appellee, from which the bank alone appeals.

Appellee alleged separate causes of action against the defendant Winniford, as follows: That is, for $50.78, the difference in the freight rate on cotton seed sold by Winniford to appellee and shipped from Coleman instead of Winchell, as agreed; also, for $271.64 damages for failure to deliver a part of a lot of oats sold by Winniford to appellee; and, also, a joint cause of action against both Winniford and First State Bank of Santa Anna, alleging that the defendants jointly sold plaintiff 12 cars of wheat, 6 to be delivered at New Orleans, La., and 6 at Texas City, Tex., with the understanding that destination, weights, and grades should govern on final settlement, a tentative settlement having been made on the basis of the wheat being No. 1 in grade, and on weights shown in the bills of lading; the refund claimed for off-grades and loss in weights being $1,263.88, for which judgment was asked jointly against these two defendants.

As Winniford has not appealed, it will not be necessary to notice the record further in so far as he is concerned.

Appellant bank answered by plea of misjoinder of causes of action, general exception, general denial, and, both by special exception and special answer, pleaded that the alleged sale contract by the bank and the guaranty of grades and weight were illegal, ultra vires, and void, in that, appellant was a state bank, organized under and is governed by the statutory laws of the state, and that the alleged agreements were beyond the scope of the charter power of appellant and were prohibited by positive statutory enactment.  The court overruled appellant's plea of misjoinder and its exceptions, and, on hearing, rendered judgment in favor of appellee against Winniford for $322.42, being the aggregate of the items involved in the sale of cotton seed and oats hereinbefore mentioned, and also rendered judgment jointly against Winniford and appellant for $1,434.50, the amount, with interest, claimed for the off-grades and short weights of the wheat.

Appellant assigns error on the refusal of the court to sustain its plea of misjoinder, involved in the prosecution by appellee in one suit of separate causes of action; that is, two separate causes of action against Winniford growing out of the alleged purchase by appellee from him of 2 cars of cotton seed and 13,000 bushels of oats, and a joint cause of action against Winniford and appellant arising out of an alleged sale by them of 12 cars of wheat; each cause of action being

based on a different contract made at different times, and wholly disconnected.

[1] The courts of this state, in common with the courts of the country, generally pursue a liberal procedure in regard to the joinder of causes of action in order to avoid a multiplicity of suits; but, consistent with this liberal procedure, the courts have uniformly held that a defendant has the legal right to have the cause of action against him tried and determined, disconnected from any claim or claims which the plaintiff may have against another, and this right cannot be disregarded.

These causes of action were separate, distinct, disconnected, and based upon separate contracts made at different times, two of them made with the defendant Winniford, which could have been properly joined; but these, being entirely disconnected from the alleged joint cause of action against Winniford and appellant, were improperly joined in the suit against appellant.

The general rule of law which seems to have been followed by our courts in such cases is tersely stated in 1 C. J. 1072, as follows:

"In order that causes of action against several defendants may be joined, they must each affect all of the defendants. Distinct causes of action against different defendants cannot be joined, although in favor of the same plaintiff, nor can a cause of action upon which defendants are jointly liable be joined with one upon which one of the defendants alone is liable."

A Texas case in point, and decisive, is Winn v. Heidenheimer et al. (Tex. Civ. App.) 56 S. W. 950. In disposing of the question of misjoinder involved in this case, the court said:

"Appellees joined in this suit a demand against Winn & Daniel, a partnership composed of Joseph B. Winn and Walter P. Daniel, in the sum of $193.29, and one against Walter P. Daniel for $237.14; there being no connection between the two claims. Appellant answered by demurrer, setting up want of jurisdiction in the county court on the claim against the partnership, and setting up misjoinder of parties. Judgment by default was rendered against Walter P. Daniel, and, the demurrers of appellant being overruled, the court gave judgment against Joseph B. Winn and Walter P. Daniel individually and as partners in the sum of $174.58. Joseph B. Winn has appealed to this court. There is no connection whatever between the two claims, and, if there is no misjoinder in this suit, none could ever occur; and a party owing a small debt, over which none but the justice's court would have jurisdiction, could, by being joined with another debtor, owing a large sum, be carried into the county or district court, and his rights determined there, not because the court has jurisdiction of the subject-matter in which he is concerned, but because of the debt against the stranger with whom he is joined. The judgment on the individual claim against Wal-ter P. Daniel is affirmed, but that part of the judgment relating to the claim against the partnership is reversed, and the cause dismissed."

To the same effect, see McDaniel v. Chinski, 23 Tex. Civ. App. 504, 57 S. W. 922; Hartford Fire Ins. Co. v. Post, 25 Tex. Civ. App. 428, 62 S. W. 140; Hughes v. Adams, 55 Tex. Civ. App. 197, 119 S. W. 134.

In the light of these authorities it is apparent that the court erred in overruling appellant's plea of misjoinder.

[2] Appellant has also assigned error on the refusal of the trial court to admit in evidence paragraphs Nos. 1, 7, 9, 15, and the prayer of the original petition of appellee filed in this cause. The court admitted the abandoned pleading, but limited its consideration for one purpose only, that is, on the credibility of the witness Joe Lawther, and the weight to be given his evidence, but refused to admit the pleading for any other purpose.

In our opinion the court was in error.

Appellee sought in this suit to recover from the defendant Winniford and appellant, a state bank, jointly for the amount of the difference in the weight and grades of wheat alleged to have been jointly sold by them to appellee; the insistence being that Winniford and P. P. Bond, cashier of appellant, alleged to have been acting for appellant, sold the wheat to appellee and undertook to make good any loss by reason of off-grades and short weights of the wheat at destination points.

Appellant denied and sharply controverted this contention, insisting that its cashier neither sold the wheat nor guaranteed grades and weight; that it neither owned the wheat nor any interest therein, nor did it have a mortgage or a lien on the same; that it was not authorized under the purpose clause of its charter to engage in trade or commerce by buying and selling goods, chattels, etc.; that it was prohibited from such activities by express provisions of the law and could not have been bound in these respects by the alleged acts, respresentations, and agreements of its cashier.

The original petition of appellee was filed April 19, 1919, in which Winniford and P. P. Bond were the sole defendants, the appellee therein alleging the identical cause of action, and was seeking the same relief that it now asserts and seeks against Winniford and appellant in its amended original petition filed January 11, 1921, in which Bond is dismissed from the suit and appellant for the first time made a party defendant.

In this state of the case, and with the issues thus formed, it is our opinion that the portions of appellee's original petition offered in evidence by appellant should have been admitted for consideration in connection with other facts and circumstances bearing on these issues.

The right of litigants to introduce in evidence abandoned pleadings containing relevant matter as admissions against interest is not an open question in this state.

In the case of Stowers v. H. L. Stevens & Co. (Tex. Civ. App.) 208 S. W. 307, the court used the following language:

"It has been definitely settled by the courts of Texas that abandoned pleadings may be received in evidence against the party responsible for them, and the fact that the pleadings may have contained legal conclusions would not change the rule."

In P. & N. T. Ry. Co. v. Blasengame, 42 Tex. Civ. App. 66, 93 S. W. 188, the court used this language:

"It is now too well settled to admit of controversy that abandoned pleadings containing relevant statements are admissible in evidence as being in the nature of admissions against interest. It is immaterial, as we have heretofore held, that such pleadings are not signed or sworn to by the party himself."

Many cases of similar import could be cited to sustain this proposition, but to do so would serve no useful purpose. However, we call attention to the following supporting authorities: Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; T. & P. Ry. Co. v. Goggin, 33 Tex. Civ. App. 667, 77 S. W. 1053; Jordan v. Young (Tex. Civ. App.) 56 S. W. 762; Felton v. Talley, 31 Tex. Civ. App. 336, 72 S. W. 614; Orange Rice Mill v. McIlhenney, 33 Tex. Civ. App. 592, 77 S. W. 428; H. & W. T. Ry. Co. v. DeWalt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877.

Because, in our opinion, the trial court erred in the respects above discussed, the judgment below is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

In the motion of appellee for rehearing the following paragraph occurs:

"The holding of the trial court that upon the facts of the case the bank was liable is not adverted to in the opinion. We take it, therefore, that this court sees no error in that action of the trial court. This being true, under the provision of rule 62a, hereinbefore quoted, that 'if it appears to the court that the error affects a part only of the matter in controversy and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error,' we ask the court, in the event it does not grant this motion, to affirm the judgment of the trial court as to all other matters other than its ruling upon the question of misjoinder of causes of action and as to the admissibility in evidence of appellant's petition."

After careful consideration, we were not satisfied that the evidence was sufficient to establish the liability of appellant.

J. L. Winniford nad P. P. Bond, cashier of appellant, testified that the bank neither owned the wheat at the time of these transactions, nor did it have a lien upon or interest therein; and, further, that the activity of Bond in coming to Dallas and in assisting in the sale of the wheat to appellee was at the request of Winniford and as a personal favor to him, and that he was not representing the bank in these matters.

The only evidence that conflicts with this testimony is that of H. G. Isbell and Joe Lawther, to the effect that Bond, the cashier of appellant, told them that the wheat was being sold for the bank; that it had advanced money on the wheat to Winniford on drafts drawn by him on the milling company, which had been refused; and that the bank was left with the bag to hold, etc.,

If the facts are as testified to by Winniford and Bond, the bank could not be held liable by reason of any respresentation or agreement that Bond may have made in regard to the wheat.

On this issue we were, and are, of the opinion the case has not been fully developed, because doubtless there exist records and book entries made contemporaneously with these transactions that should shed light thereon of a very convincing nature. In view of another trial, we refrain from a discussion of the evidence.

The motion for rehearing is overruled.