JESSEN v. SCOTT.   (No. 2240.)

Court of Civil Appeals of Texas.   El Paso. Feb. 21, 1929.

See also (Civ. App.) 10 S.W.(2d) 185.

Knollenberg & Cameron, of El Paso, for plaintiff in error.

Harrison & Scott, of El Paso, for defendant in error.

WALTHALL, J. Louis A. Scott brought this suit against William Jessen and W. S. Ray Manufacturing Company, alleging the latter to be "a corporation duly incorporated, having its principal office and place of business and residence in the City of San Francisco, California," and that it was and is now engaged in the manufacture, sale, and distribution of a machine known as the Ray rotary fuel oil burner, and had and now has William Jessen as its agent and representative in El Paso county, Tex.; that Jessen, acting individually and as agent of said corporation, represented to defendant in error that he had one of the latest types of said burners that he would install in defendant in error's residence and connect same to the furnace in said residence complete with clock thermostat and all other automatic controls for the sum of $350, and warranted said burner and all equipment and controls to be in perfect mechanical condition, and guaranteed said burner and controls to give satisfactory service, and to heat defendant in error's residence more quickly and efficiently and at less cost than by burning coal; that relying upon said representations and warranties and believing same to be true, on March 14, 1927, he purchased said burner, and in payment therefor he executed his 12 promissory notes in monthly installments of $29.17 each, payable to the order of El Paso Engineering Company; that said notes were promptly sold, the purchaser being a bona fide purchaser for value without notice; that he paid said notes and the interest due thereon of $14.83. Defendant in error alleges that, though requested, the clock thermostat was never installed; that said burner and equipment gave only partially satisfactory service in March, 1297, for only a few hours after the installation thereof, and never gave any satisfactory service at any time thereafter. The petition then in detail states the defects in the burner and the equipment; that the burner leaked oil and was dangerous to use; the motor to the pump was defective and worn; the automatic controls did not properly function; and there were other defects, so that the whole equipment finally broke down completely, and defendant in error's residence was without heat for several days during cold weather, thereby causing his family to suffer extreme discomfort and causing one of his children to contract a severe cold and become ill. The petition alleges that frequent demand was made that the burner be removed and replaced with another or the purchase price be repaid, but said demand was refused, and that defendant in error had said burner disconnected and removed. Defendant in error sues to recover the following items of damage which he alleges he sustained:

1. $350 purchase price paid.
2. $14.83 interest on the notes.
3. $3 paid to have burner dismantled and removed.
4. $85 labor, parts and material to restore furnace as it was before plaintiff in error damaged same.
5. $150 compensation for physical discomfort to defendant in error and family occasioned by the failure of the burner to function.
6. $75 compensation to defendant in error for his loss of time in working with said burner in trying to get it to heat his house.

The judgment recites that on motion of defendant in error the cause was dismissed against W. S. Ray Manufacturing Company, and that William Jessen, though duly cited to appear and answer, wholly failed and in all things made default, and after considering the pleadings and evidence, finds that plaintiff is entitled to recover against William Jessen the amount of his damages as prayed for in his petition, and so rendered judgment in the sum of $677.83 and interest from the date of the judgment. From that judgment plaintiff in error prosecutes this appeal.

### Opinion.

■ Plaintiff in error submits two propositions. The first is in effect that a return of the burner and equipment is necessary to have a rescission of the contract of purchase or an allegation that the goods sold are worthless.

The petition does not show that the suit is for a rescission of the contract of purchase of the burner and the equipment, but a suit for damages for a breach of contract and warranties as to the efficiency of the burner and the equipment to perform the service for which they were sold, and itemizing the damages alleged to have been suffered by reason of such breach, for which judgment is asked. The contract of sale, as alleged, is an executed contract of sale, and a rescission could not be had on such contract. The contention made by plaintiff in error under his first proposition has no application to the cause of action as made by the petition.

■ The second proposition has reference to the fifth item of damage, compensation for physical discomfort to defendant in error and other members of the family, because of failure of the burner to function, thus com-

pelling them to live in a cold house during cold weather. The proposition submits:

"(a) A judgment cannot be rendered in favor of any one not a party to the suit.

"(b) If a party sues in any capacity not his individual capacity, he must so allege in his petition."

Louis A. Scott sued in his individual capacity for damages, and alleged that by reason of the burner and equipment failing to function, plaintiff's residence was without heat for several days during cold weather, "thereby causing plaintiff and his family to suffer extreme discomfort, and causing plaintiff's child to contract a severe cold and become ill," and stating that item of damage at $150.

Our statute provides that the petition shall state the names of parties to a suit and their residences. This, however, might be corrected by exception when interposed. The same might be said where one sues in a capacity other than his individual capacity.

We think, however, the test of the petition here on the item of $150 would be on a general demurrer. The husband can sue for damages to himself and wife. The right of the father to sue for damages for an injury to himself, and the right of the father to sue for damages for personal injury to his family, including his child, presents a different question. Their rights are distinct the one from the other. The right is not common to each. The rule seems to be general that persons having a several interest may join in a suit affecting a common right to all, but persons whose claims are separate and distinct, and where they do not affect all parties alike, cannot join in a suit to establish their separate rights. Stewart v. Gordon, 65 Tex. 347; McDaniel v. Chinski, 23 Tex. Civ. App. 504, 57 S. W. 922; Freeman v. Harrison (Tex. Civ. App.) 143 S. W. 686, in which it is held that the right of a minor child to sue for personal injury, and the right of his father to sue therefor, are separate and distinct rights. The child that suffered from cold and was made ill from cold was in no sense a party to the suit, and, if it could, it did not intervene in its own right, nor file a claim asking judgment for damages; therefore the court had no jurisdiction to render judgment against plaintiff in error for damages suffered by the family or the child. It is not wholly a question of misjoinder of parties, but one of jurisdiction of the trial court to render judgment on that one item; the father and the family having separate and distinct rights which cannot be joined in the same suit.

The child would not be bound by the judgment, and for that reason plaintiff in error should not have judgment rendered against him for any damage suffered by it. As said by Judge Stayton in Stewart v. Gordon, supra: "Causes of action which may be joined, must be such as the plaintiff may enforce against each of the defendants."

The petition does not state the value of the damages severally sustained by defendant in error and his wife, and the child, and there is no statement of facts, nor findings of the court, from which the damages of each can be ascertained. The judgment is reformed, without prejudice to the child, to the extent only of remitting the item of $150 and interest on that item, and as to all else it is affirmed.