THE SECURITY NATIONAL FIRE INSURANCE COMPANY ET AL.
v. A. KIFURI.

No. 5358. Decided February 18, 1931.
(36 S. W., 2d Series, 147.)

*Nelson Lytle, T. M. West* and *Hardy & Hardy,* for plaintiffs in error.

The court will notice that in this suit the question of "proportionate liability" and "pro rata liability" was not raised in the court below, but

this was a suit upon a liquidated demanded for the full amount of three insurance policies, just like suing on three notes due by three different persons to one person given in payment for money loaned by him to these three debtors. Such suits cannot be joined and this one should not be joined.

We insist that the law as stated by Judge Pleasants in the case of Hartford Fire Ins. Company et al. v. Post et al., 62 S. W., 140, is absolutely correct, regardless of what the Court of Civil Appeals of San Antonio may decide in the case at bar.

We assert that the Post case, and the Kifuri case are as near identical as any two cases can be. The only difference being that in the Post case there are two insurance companies, and in the Kifuri case there are three insurance companies defendants. The fire insurance policies in both cases are the Standard Texas Fire Insurance policies, which contain the identical clauses and conditions, as this court well knows. If Judge Pleasant is correct in his opinion, and we think he is correct, then the opinion of Judge Cobbs is incorrect. All the Texas cases uphold the Galveston court. No Texas court upholds the San Antonio court.

We think that it is too clear for argument that the three policies of insurance only covered the "galvanized iron & stucco building. * * *" "* * * The form attached to the policies had other blank spaces thereon and in each space was written the word 'nil.' "

The ice making machinery could have been described in any one of the blank spaces in the policy if it was intended to insure the ice making machinery.

We do not think that this machinery became any part of the building because the boiler was bolted to a concrete foundation, nor did the engine or ammonia compressor become a part of the building because they were fastened to a concrete foundation by bolts. The same reasoning applies to all of the machinery that was fastened down on foundations or to the building itself.

Each policy of insurance is very explicit in that it states just what is protected about the building, mentioning "foundations," "awning," "permanent piping and fixtures for heating, lighting and water service." It nowhere mentions a "boiler," a "steam engine," "ammonia compressor," "brine tank," "ammonia high pressure piping including valves and fittings for ice plant" or "complete set of ammonia low pressure connecting piping valves and fittings" or a "set of high pressure pipe lines and fittings, including valves for steam," etc.

In fact the insurance policies by their very terms deny protection to the machinery for making ice, from loss or damage by fire, because the policies described exactly what is covered by such policy and do not leave it to conjecture or inference as to whether or not the ice making machinery is covered by the insurance policy. Hartford Fire Ins. Company v.

Post, 62 S. W., 140; Hughes v. Adams, 110 S. W., 134; First State Bank v. Lowther, 262 S. W., 166; Dunson v. Nacogdoches, 37 S. W., 978; Oglesby's Sureties v. State, 73 Texas, 658; Screwmen v. Smith, 70 Texas, 168; Thompson v. Bohannon, 38 Texas, 241; First National Bank v. Valenta, 75 S. W., 1087; Ford v. Sutherland Springs Land & Town Co., 159 S. W., 876; Winn v. Heidenheimer, 56 S. W., 950.

(A father and a child injured in a railroad wreck and having the same cause of action against the railroad cannot be joined as plaintiffs. Texas Mexican Railway Company v. Lewis, 99 S. W., 577.).

(Father and son cannot bring a joint suit against the Street Railway Company for injuries to the son even though there be no injury found by joining the parties as plaintiffs in the suit. Houston Street Railway Company v. Reichart, 29 S. W., 1040.)

The several owners of the tract of land cannot bring one suit against the parties in possession. Allen v. Vineyard, 212 S. W., 266; McDonald v. Chinski, 57 S. W., 922; Farmers Co. Union v. Alderman, 267 Pac., 1110.

*David E. Hume,* for appellee.

Where fire insurance policies require the assured to collect from each of several companies on a pro rata basis in proportion to the several policies the amount of recovery must be fixed in a joint suit.

Under the policy terms set out in Hartford v. Post, 62 S. W., 140, relied upon by appellant, the basis for settling with insured is complete without reference to any other co-insurance except as to amount of such other insurance, viz., in the Post case all that is necessary in order to determine the amount chargeable to any one of the companies, under a partial loss is to find the amount of partial loss, ascertain the amount of co-insurance and charge such company with its proportion of the partial loss so fixed. Upon the other hand, in the policies here involved, the loss is to be paid pro rata by each insuring company in the proportion of the amount of insurance carried. Thus:

Under the policies involved in the Post case we shall say that three different companies are each carrying $3,000 policies under which each company is required to pay according to its proportion of total insurance (which means without reference to what any other company pays). In separate trials the actual loss was fixed different, as follows:

$5,500, $6,000, $6,500.

The companies would separately be required to pay, respectively as follows: $1,833.33; $2,000; $2,166.66. The policies do not require pro rata payment.

In the instant case the policies require the assured to collect from each company on a pro rata basis in proportion to the amounts of the

several policies. By separate trials and separate and different findings as to loss (as in the illustration above) the determination of a pro rata is impossible. Since a common figure of loss is necessary to determine the pro rata recovery the policies are interdependent and recovery must be fixed in a joint suit.

American Cent. Ins. Co. v. Heath, 69 S. W., 235; Boston Ins. Co. v. Kirby, 281 S. W., 275; Connecticut Fire Ins. Co. v. Hilbrandt, 73 S. W., 558; C. J., vol. 26, pp. 90, 72, 74; Fegelson v. Niagara Fire Ins. Co., 103 N. W., 495 (Sup. Ct. Minn.); German Ins. Co. v. Everett, 46 S W., 95; Hibernia Ins. Co. v. Starr, 13 S. W., 1017; Hutchins v. Masterson, 46 Texas, 551; Lion Fire Ins. Co. v. Heath, 68 S. W., 305; Pacific Fire Insurance Co. v. John E. Morris Co., 1 S. W., 348; Phelan v. Boyd, 14 S. W., 290; Still v. Connecticut Fire Ins. Co., 172 S. W., 625 (Mo.); Security Ins. Co. v. Kelley, 196 S. W., 874; Texas Moline Plow Co. v. Niagara Fire Ins. Co., 87 S. W., 192.

MR. COMMISSIONER CRITZ delivered the opinion of the court.

This suit was originally filed by A. Kifuri, hereinafter called plaintiff, against the Security National Fire Insurance Company, The Fireman's Fund Insurance Company, and the National Liberty Insurance Company, on three insurance policies in the sums of $3,000, $3,000, and $4,000, respectively. All of these policies insured the property therein protected for one year, from the 16th day of July, 1927, all expiring July 16th, 1928.

All three of the policies insured the property described therein in the following language:

## "MERCANTILE BUILDING FORM.

"$3,000.00 On the one story metal roof G. I. & Stucco Building and additions attached thereto, including foundations, awnings (except cloth awnings), permanent piping and fixtures for heating, lighting and water service, which occupied for the following purposes only: Ice Factory, and situated as follows: No. 444 and 445 S. side Church Street, in Eagle Pass, Texas, being Lot No. 1 & 2, Block No. 7R5NH, Map Page 8, File No. 769.

"$ Nil On Store and Office Furniture and Fixtures, including Counters, Shelving, Iron Safes, Typewriters and Cash Registerms, while contained in the building above described.

"$ Nil On_____
No insurance attaches under any of the above items unless a certain amount is specified and inserted in blank space immediately preceding the item."

All three of the policies also contained the following clauses with reference to concurrent insurance.

"Total concurrent insurance permitted, including this policy, $15,-000.00 as follows: $15,000.00 on Building; $_____ on Furniture and Fixtures; $_____ on_____.

"It is understood and agreed that no other insurance is permitted unless the total amount allowed, including this policy, is entered in blank space in paragraph next above."

All of the policies also contain the following clause, with reference to proportion of liability.

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto. Liability for re-insurance shall be specifically agreed hereon."

The suit was based on three respective Texas Standard fire insurance policies issued by the above named three companies and in his petition the plaintiff alleges that the building was a total loss and he sued each insurance company for the full amount of each insurance policy. The petition, however, had the policies attached to it, and it makes them parts thereof. The prayer for relief is for judgment, as upon a liquidated demand, against the two defendants first mentioned for $3,000 and interest each, and the third for $4,000 and interest, together with costs and the petition also prays for general and special relief.

The record shows that the three insurance companies were joined as co-defendants in one suit over their protest and that each filed separate pleas in abatement which were duly overruled, after which they filed separate pleas of misjoinder of causes of action and of parties defendant. These pleas were also overruled.

After the overruling of the pleas in abatement and misjoinder each insurance company filed separate supplemental answers containing general and special exceptions and general denials, which exceptions the court overruled in detail, and the case proceeded to trial before a jury as one joint suit upon special issues.

In response to the special issues submitted, the jury found: (a) that the plaintiff furnished the insurance companies with proof of loss sixty days before filing suit, which was retained by them without objection; (b) that the difference in value between the bare building without considering any appliances, parts, piping, or machinery, before and after the fire was $6,000; (c) that the difference in value between the building equipped as an ice factory in its condition before the fire, and its value after the fire was $12,222; (d) that some of the machinery, ice factory

appliances, and piping had become affixed to the building or had become a part of the permanent piping and fixtures for heating, lighting and water service; and (e) that the value of the machinery, ice factory appliances, and piping which had become affixed to and a part of the building was $6,222.

By proper assignments the insurance companies complain of the holding of the Court of Civil Appeals (12 S. W. (2d) 235), to the effect that there is no misjoinder of parties or causes of action in attempting to sue the three insurance companies in one joint suit on the three separate policies.

In connection with the assignment on this question of misjoinder, the insurance companies cite the case of Hartford Fire Insurance Company v. Post, 25 Texas Civ. App., 428, 62 S. W., 140, and contend that the holding in the instant case is in conflict with the holding in the Post case.

The Court of Civil Appeals attempts to distinguish the facts in the instant case from the facts in the Post case, but we are of the opinion that a careful reading of the opinion between the holding of the Court of Civil Appeals at San Antonio in the instant case and the holding of the Court of Civil Appeals at Galveston in the Post case. In fact we think the language of the two policies in the Post case, and the language in the three policies in the instant case fixing the proportion of liability in case of partial loss is not only the same in legal effect, but the same in actual language. It therefore becomes necessary to settle the conflict.

Under the foregoing record the Supreme Court is of the opinion that since the three policies here involved all in effect provide that in case of partial loss each company shall only be liable for the proportionate amount that its insurance bears to the whole insurance, all parties, insured and insurers, are jointly interested in ascertaining the amount of loss so that the proportionate liability of each insurance company can be ascertained. It follows from this that all three insurance companies are sufficiently jointly interested in the subject matter of the litigation to justify all being joined as defendants in one suit. We therefore overrule the pleas of misjoinder filed by the several insurance companies. This overrules the holding in the Post case.

By proper assignments the insurance companies contend that the policies of insurance here sued on as written do not cover all the ice making machinery and fixtures contained in the building. We sustain these assignments. The policies cover a "One story metal roof G. I. & Stucco building, and additions thereto, including foundations, awnings (except cloth awnings), *permanent piping and fixtures for heating, lighting and water service.*" (Italics ours). Under the plain wording of the policies they only cover such piping and fixtures as are permanent, and are used for *heating, lighting and water service.*

The record discloses that many items for ice making machinery and

fixtures, not for heating, lighting or water service, and not a part of the building proper, were included in the recovery. The policies as written, do not cover the things attached to the building that would be classed, in law, strictly as fixtures, except such as are used for heating, lighting and water service. Also there is no allegation of fraud, accident or mistake contained in the plaintiff's petition, and no effort to reform the contracts.

On account of the fact that the recovery include items for ice making machinery and fixtures not covered by the policies, the judgments of the Court of Civil Appeals and district court should be reversed, and the cause remanded to the district court for a new trial.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgments will be entered in accordance therewith.

C. M. CURETON, Chief Justice.