AETNA CASUALTY AND SURETY INSURANCE COMPANY, Plaintiff,

v.

HONEY BEAR BRAND, INC.; Imogene Justice Bradley; Ira Worth Tyler, a/k/a Junior Tyler; and Wayne Gibson Buchanan, a/k/a Asbury Buchanan, Defendants,

v.

Gary A. THOMPSON, Earl A. Williams and Mark Hoover Ingle, Defendants and Third–Party Plaintiffs,

v.

UNITED STATES of America, on behalf of the Farmers Home Administration, Intervenors.

Civ. No. A–C–87–25.

United States District Court,
W.D. North Carolina,
Asheville Division.

April 6, 1989.

Jon B. McPhail and Wayne D. Taylor, McKenzie & McPhail, Atlanta, Ga., Boyd B. Massagee, III, Prince, Youngblood & Massagee, Hendersonville, N.C., for plaintiff.

Robert B. Long, Jr., Long, Parker, Payne & Warren, Asheville, N.C., for Honey Bear Brand, and Imogene Justice Bradley.

Jack W. Stewart, Asheville, N.C., for Wayne Gibson Buchanan.

Lawrence A. Hogan, Hogan & Hogan, Frank B. Jackson, Jackson, Jackson & Burrell, Hendersonville, N.C., for defendants and third-party plaintiffs.

Thomas J. Ashcraft, U.S. Atty., Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for intervenor U.S.

MEMORANDUM OF DECISION

RICHARD L. VOORHEES, District Judge.

This matter is before the Court on motions for partial summary judgment by Defendant–Intervenor, United States of America, and Plaintiff, Aetna Casualty & Surety Insurance Company ("Aetna"). Both motions concern the same issue, namely whether an insurance contract covers certain materials contained within a building which was destroyed by explosion and fire. For the reasons explained, Aetna's motion will be granted.

On November 17, 1985, the Honey Bear Brands apple warehouse in Edneyville, North Carolina, was destroyed by an explosion and resulting fire. It was determined that the explosion had been triggered by dynamite and the fire must have been deliberately set. Plaintiff Aetna, insurer of the building, filed an action in this Court for a declaratory judgment that Aetna had no liability under its insurance contract to Honey Bear or its owners. The insurer claimed that the owners and operators of Honey Bear had caused the warehouse to be destroyed for the purpose of collecting under the insurance contract, and that, therefore, any claim Defendants might file against Aetna would be void for fraud. Defendants counterclaimed for benefits un-

der the policy. The United States later intervened as Defendant on the grounds that its agency, the Farmers Home Administration, was a named mortgagee on the policy.

It is undisputed that Aetna's fraud defense does not apply to the United States' claims, and that Aetna must pay to the Government the value of its lost mortgage interest in the property. Aetna has already paid the Government for the value of losses which are not in dispute. The remaining dispute involving the Government and the subject of these cross motions for partial summary judgment concerns whether Honey Bear's apple grading and processing machines, which were within the warehouse and which were also destroyed, are covered by the policy. If so, the Government would be entitled to recover the value of those machines under the mortgagee clause.

This is a diversity case; therefore, state contract law principles must be used as the rules of decision, *see, Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and the resulting line of cases. The parties aver that this is an issue of first impression in North Carolina and in the Fourth Circuit, and such appears to be the case. Accordingly, this Court can and will look to the decisions of other jurisdictions for guidance.

The portion of the insurance policy which must be construed reads in pertinent part as follows:

## I. PROPERTY COVERED

BUILDING(S): Building(s) or structure(s) shall include attached additions and extensions, *fixtures,* machinery and equipment constituting a permanent part of and *pertaining to the service of the building(s)* .... (Emphasis added.)

The United States argues persuasively that the machinery in question constituted "fixtures" for the purposes of North Carolina law, having been permanently and physically attached to the warehouse. However, as Aetna argues, this is not dispositive of the issue. The policy, by its terms, does not cover all fixtures, but only those constituting a permanent part of and "pertaining to the service of the building." That phrase appears from relevant case law to be a term of art with a specific meaning. *Arlotte v. National Liberty Insurance Co.,* 312 Pa. 442, 167 A. 295, 108 A.L.R. 896 (Pa.1933) is instructive. That case concerned a confectionery store which had been destroyed by an automobile accident and resulting fire. The store's insurance policy covered "the buildings, additions and extensions, and ... all permanent fixtures contained therein, or connected therewith, *appertaining to the service of the building* and used in the maintenance thereof." (Emphasis added.) Obviously the language is similar to that in the instant case. The Supreme Court of Pennsylvania ruled that a soda fountain inside the store was not a fixture covered by the insurance policy:

We need not concern ourselves with the question whether this fountain was a permanent fixture—that is not the question before us. The question for our decision is, was it such a permanent fixture as was insured by the terms of the policy? Was it "appertaining to the service of the building and used in the maintenance thereof"? Of course it was not. Clearly this soda fountain was not such an article, and it could not have been the intention of the parties to include it by these words.

*Id.*

Another case on point is *Security National Fire Insurance Co. v. A. Kifuri,* 120 Tex. 77, 36 S.W.2d 147 (Tex.1931). There the insurance policy covered "fixtures for heating, lighting and water service." The Supreme Court of Texas ruled that ice-making machinery in the burned building, which was being used as an ice factory, was not covered.

The sense of these cases seems to be that when an insurance contract refers to fixtures that "serve the building," it means those that are placed there to assist in the maintenance and operation of the building itself, regardless of what the building is being used for. Of course, buildings are not constructed for their own sake; they are constructed so that activities of various

kinds can go on inside them. It might be useful to think in terms of a distinction between fixtures which are there to "help" the building, e.g. by strengthening it, providing utilities to it, providing fire protection, etc., and those which are there to be "helped by" the building, by having a roof over them. Clearly the apple processing machinery in Honey Bear's warehouse fell into the second category.

The meaning of the language in the Aetna insurance policy is clear enough that there is no "ambiguity reasonably susceptible to conflicting interpretations," *Nationwide Mutual Insurance Co. v. Edwards,* 67 N.C.App. 1, 312 S.E.2d 656 (1984), so the doctrine that ambiguous terms in insurance contracts are construed against the insurer is not triggered. Aetna is entitled to summary judgment and a declaration that they are not liable for the $45,996.80 in damage to the apple processing equipment.

A Judgment reflecting these findings will be entered simultaneously herewith.

## JUDGMENT

For the reasons stated in the Memorandum of Decision filed contemporaneously herewith,

IT IS ORDERED, ADJUDGED AND DECREED that:

1. The motion of Defendant–Intervenor, United States of America, for partial summary judgment is DENIED;

2. The motion of Plaintiff, Aetna Casualty and Surety Insurance Company, for partial summary judgment is ALLOWED; and

3. IT IS HEREBY DECLARED that Plaintiff is not liable for the $45,996.80 in damages to the apple processing equipment contained in the Honey Bear Brand apple warehouse on November 17, 1985, for the reason that such property was not within the coverage terms of the policy as to any party to this lawsuit.

THIS the 6th day of April, 1989.